MARY JANE STEWARTSON, Appellant, *v.* WILLIAM STEWARTSON, Appellee.

APPEAL FROM SHELBY.

Where lands are held by the wife, who applies for a divorce, the court may, upon decreeing alimony, direct that such lands be divided between the parties, and that they execute to each other conveyances to perfect such decree.

Unless this court can see that manifest injustice has been done, it will not disturb the decree of the court below upon a question of alimony.

This cause was heard before EMERSON, Judge, at May term, 1853, of the Shelby Circuit Court.

Mary Jane Stewartson, the appellant, was married to William Stewartson, the appellee, in the year 1848, and had, at her marriage, $320 and upwards, which afterwards came to the use of the appellee, and was appropriated by him.

That shortly after the marriage, appellee, with $40 of appellant's money, entered in the name of the appellant, a forty acre tract of land.

Afterwards, in April, 1850, appellee abandoned appellant, and has always since refused to return to, or live with her.

The appellant was left in possession of the dwelling-house of appellee, and some few articles of personal property, of which she sold a part, and out of the proceeds entered in her own name another forty acre tract of land, unimproved, but contiguous to appellee's farm.

In May, 1852, and more than two years after the abandonment, appellant filed· her bill for divorce, and at the November term, 1852, obtained a decree of divorce, and an allowance of $50 alimony yearly. The proceedings were had in Shelby circuit court.

It was admitted on the trial that appellee's farm consisted of 165 acres of land, (exclusive of the land entered in appellant's name,) of which farm 120 acres were in cultivation, and worth a yearly rent of $1 per acre, and also that the appellee had personal effects to the amount of $200 and upwards. The question as to the title to the two tracts of land entered in the name of appellant, was left by the court to future adjustment; and also any proper modification of alimony.

The parties agreed that the foregoing be considered the evidence, and a cross-bill supposed to be filed by the appellee against the appellant, for the conveyance of the two tracts of land entered in the name of appellant by the appellee, and in the modification of alimony. Upon which issue shall be supposed to be joined, etc.

At the May term, 1853, the agreed case (substantially the foregoing) was submitted to the Judge of the Shelby circuit court, without the introduction of any other evidence than the agreed case which is in writing, and made a part of this record. And the court after having examined the said agreed case, ordered and decreed that the appellant convey to the appellee all her right, title, and interest in the tract of land last entered in

her name, and the amount of alimony heretofore allowed her, be reduced from $50 per annum to $30 per annum, and that the appellee pay the cost.

From which decree appellant appeals to this court.

A. LINCOLN and S. W. MOULTON, for appellant.

A. THORNTON, for appellee.

CATON, J.    At the time of the marriage of the parties, the complainant had 320 dollars in money, which came to the hands of the complainant; with fifty dollars of which he entered a forty acre tract of land in the name of the complainant.    The balance he appropriated to his own use.    When the defendant abandoned the complainant, he left her in possession of his dwelling, and some personal property, a part of which she sold, and with the proceeds purchased another forty acre tract of land in her own name.    The rents of the defendant's real estate are about $120 per annum, being one dollar per acre for the improved part, and he has personal property of the value of 200 dollars.    After the divorce was decreed, the question of alimony came on to be considered, and also the rights of the parties as to the disposition of the land standing in the name of the complainant ; the above facts being considered as upon a cross-bill. The court decreed that the complainant should convey to the defendant the premises last above mentioned, and should retain the first, and that the defendant should pay to her thirty dollars per annum, as alimony, to secure which a lien was created upon the forty acres of land which she was decreed to convey to him.    From this decree the complainant has appealed to this court.

We are not disposed to disturb the decision of the circuit court.    There can be no question as to the propriety of that portion of the decree which directs the complainant to convey to the defendant the forty acres which she entered with the proceeds of property which she had sold, belonging to him.    It was bought with his money, and there can be no doubt he had the right to claim it as his own.    While there was an undoubted propriety in allowing her to retain the forty acres which he had entered in her name, with money which she had brought to him at the marriage ; it is worthy of consideration upon the question of alimony, that that forty acre tract had all been improved by him, and constituted a part of his farm, and by those improvements its value must have been much enhanced, and rendered immediately available and productive for her support.

What is the present value of that lot does not appear; but if it is worth as much rent per acre as the balance of the farm, — and there is nothing in the case to show that it is not, — it will produce an annual income of forty dollars. In addition to this, the court allowed her thirty dollars per year, thus securing her an annual income of seventy dollars; while his income, after deducting the thirty dollars, will be but ninety dollars per annum. With this we cannot say that injustice was done her, but, on the other hand, think she receives a liberal allowance, considering the circumstances of the defendant. Before we should feel justified in disturbing a decree of this kind, we ought to be able to say that manifest injustice has been done. The conduct of the parties may very properly be taken into consideration, upon the question of alimony. That is not before us as it was presented to the circuit court upon the hearing of the case for the divorce, so that, to that extent at least, the circuit court had more facilities for judging of the respective merits of the parties than we have. In cases where the circumstances may justify a divorce under our statute, there may be widely different degrees of merit on the one side, and censure on the other, which should very properly be considered in determining the question of alimony, quite independent of the pecuniary circumstances of the parties. Hence the decision of the circuit court is entitled to every reasonable intendment in its favor. But if we look alone at the pecuniary circumstances of the parties, as manifested by the facts stated in this record, we are well satisfied that the court below was sufficiently liberal towards the complainant.

We must affirm the decree of the circuit court.

*Decree affirmed.*