Bergen v. Bergen.

JOHN BERGEN, Plaintiff in Error, v. SARAH E. BERGEN, Defendant in Error.

ERROR TO WILL.

In a matter of divorce it will be presumed that the court granting it, if it received admissions as evidence, properly scrutinized the evidence, so as to be satisfied that the admissions were made in sincerity and without fraud.

The allowance of alimony is discretionary with the court; so also is the allowance for the support of infant children.

SARAH E. BERGEN, the defendant in error, filed her bill of chancery, for a divorce, against John Bergen, the plaintiff in error, on the 28th day of February, 1855, in the Will Circuit Court, and obtained a summons, returnable to the following March term of said court, which summons was served and returned in time for a hearing at said March term, 1855. The bill charged said John Bergen with the commission of adultery, during the then present winter, (1854–5), at the city of Joliet, in Will county, with Phebe Bergen, his own daughter by a former wife. The bill set forth that complainant had eight children, during her marriage, by said John Bergen, three of which were living; that said Bergen was the owner of property, consisting of real estate and personal property, of the value of some $8,000 and upwards; and asked for the allowance of alimony and the custody of the children, and that a receiver be appointed. The bill was sworn to by complainant.

At March term, 1855, the complainant, Sarah E. Bergen, filed with the court in said suit her application, alleging that she had no means of support for herself and children, or to carry on her suit, reiterating the truth of the charges in her bill, and asking the court for an allowance, for the support of herself and children pending the suit, and for means to prosecute her suit.

A reference was made to the master for the purpose of ascertaining the probable amount of property belonging to said John Bergen, with an order to report the same to the court.

An injunction was granted at the time of filing the bill, restraining Bergen from selling or disposing of his property; and he appeared by his attorney, and moved to dissolve the injunction.

The case was submitted to the court, " upon the bill of complaint, taken and confessed by the said defendant, and the proofs being submitted to the court, from which it satisfactorily appears to the court, that the material facts charged in such bill are true, and that the defendant has been guilty of adultery as charged in the said complainant's bill," etc.

By the decree granting the divorce, the court committed to the complainant, Sarah E. Bergen, the custody of the children. The court also appointed Francis Goodspeed receiver, " to take an account of the property, real and personal and mixed, of the said John Bergen, and all accounts, choses in action, for him the said John Bergen, and apportion the same between the complainant and said John Bergen, in the manner following : First, the said receiver shall set off to the said complainant, all the household and kitchen furniture, and including the piano forte, provisions of every kind and nature, and all the fire wood which the said John Bergen had at the time said complainant filed her bill, or that he may now have. Second, the said receiver shall then divide the said property, real, personal and mixed, notes, accounts, choses in action, between the said complainant, Sarah E. Bergen, and the said defendant, John Bergen, as equally as the same can be done; which said division, when made, shall vest in the said Sarah E. Bergen, her heirs and assigns, a good and perfect title to the property, which shall be so set off to her ; and said division shall, when made, vest in the said John Bergen the remainder of said property so set off to him, after paying the amount herein specified and required to be paid by said receiver, and the said receiver shall pay the remainder to said Bergen, his heirs and assigns. Third, By the agreement of the parties, it is ordered, adjudged and decreed, that the said receiver shall, out of the portion of said property set off to the said defendant, John Bergen, pay to Jesse O. Norton the sum of $250 ; to Josiah McRoberts the sum of $250, for fees, etc., in this suit, and for prosecuting in the case for incest; and also, the sum of $250 to Elisha C. Fellows, and $250 to Henry Snapp, out of said portion set off to said John Bergen, for their services, as well in defending this bill, as in defending said criminal prosecution," etc.

B. S. MORRIS, for Plaintiff in Error.

U. OSGOOD, for Defendant in Error.

BREESE, J. We do not perceive any objection to the decree rendered in this cause.

The charge in the bill of complaint was, repeated acts of adultery by the defendant with his own daughter by a former wife. He was duly served with process, and had every opportunity to deny the charge, but he did not deny it, he admitted it, by suffering a default to be entered. After the bill was taken for confessed, the court heard testimony in support of the charge, from which it appeared to the court that the facts

charged were true, and that the defendant had been guilty, before the commencement of the suit, of having carnal connection with his daughter, and had committed adultery with her. The court may have been satisfied by proof of admissions of the defendant.

Our statute (Scates' Comp. 151) does not declare the admissions of a defendant shall not be received as evidence, but only that they shall be subjected to the scrutiny of the court, and if the court is satisfied they were made in sincerity and without fraud or collusion to enable a decree to pass, they are to be received as evidence.

We must suppose the court subjected all the proof to the proper scrutiny. If admissions were proved, the court must have determined that they were made in good faith and for no sinister purpose.

In Ohio,—to the decisions of her courts we have been referred,—there is a statute expressly prohibiting the courts from receiving such admissions as evidence. *Brainard* v. *Brainard*, Wright's Ohio R. 354. It is not necessary that the evidence upon which the court acts should be preserved in the record, yet the record must show that the court heard evidence and found the allegations of the bill to be true. It is sufficient in every such case, if the decree shows it was made upon proofs adduced. *Shillinger* v. *Shillinger*, 14 Ill. R. 147; *Wheeler* v. *Wheeler*, 18 ib. 39.

As to the alimony decreed, and the custody of the children, neither seemed to have been a subject of dispute in the Circuit Court. That part of the decree seems to have passed with the assent of the defendant, and also the manner in which his estate should be distributed. He was in court acting by himself and his counsel, receiving a part of the money and accounting to the receiver for money collected by himself. We have said in the case of *Foote* v. *Foote, post,* and such is the current of authorities, the allowance of alimony for the wife is discretionary with the court. Such is our statute, but in addition to alimony the court may allow something for the support and maintenance of the children, this is also a matter of judicial discretion, and as there were three infant children in this case, it is to be presumed the court looked to that in decreeing so large a portion of the estate to the complainant. Although it is usual to regard the income of the delinquent husband as the fund out of which alimony is to be decreed, it is by no means universal. A portion of the estate may be decreed. In the case of *Bursler* v. *Bursler*, 5 Pickering, 427, the court went beyond the income of the husband and ordered a sale of the delinquent husband's estate. In all cases, the court will look to the extent of the *delictum*,

amount of property—rank in life of the parties—the number and age of the children, and as the support of those has devolved upon the complainant, and less than one-half the estate of the husband decreed, and the *delictum* confessed of the most atrocious character, and the decree, seemingly, with the assent of the defendant, we will not interfere to disturb it, but affirm it, in all its parts.

*Decree affirmed.*