## DONOVAN VS. DONOVAN.

*Divorce from the bond of matrimony—Division of the estate—Power of court to divest title to real estate—Secs.* 21, 29, *ch.* 111, *R. S.*

1. Under sec. 29, ch. 111, R. S., a circuit court, on granting a divorce from the bond of matrimony, may, in regulating the division of the estate, real and personal, between the parties, so as to do equity between them, divest the husband's title to real estate, and transfer the property to the wife, to be held in fee simple.
2. *It seems* that (under secs. 21 and 29 of that chapter), where a divorce is granted for adultery of the wife, the court has the power to divest her title to her real estate, and confer so much thereof as equity may require upon her husband. Per DIXON, C. J. But that question was not involved in this case.

DOWNER, J., dissents.

APPEAL from the Circuit Court for *Sauk* County.

Action by *Mary A. Donovan* for a divorce from the bond of matrimony from *John E. Donovan*. The complaint stated, *inter alia*, that the defendant was the owner of certain lands in said county, containing 200 acres, and of the value of $3000, on which there was a mortgage for about $900; and that he "was worth about $1000 more in other property." It appeared from the pleadings that there were two children of the mar-

riage living, a girl aged twelve years and a boy aged nine years, of whom the plaintiff claimed the care and custody; and she alleged that she had no means of support aside from her own labor. The court adjudged a divorce as prayed, and that the plaintiff have the care and custody of the children; and that the title to the lands mentioned in the complaint be passed to her, "to have and to hold to her own use, to her heirs and assigns forever, in fee simple, together with the household furniture of the defendant and every part thereof."

The defendant appealed from so much of the judgment as relates to transferring the title to his real estate.

*Hopkins & Foote*, for appellants:

1. The statute expressly forbids a court from passing title or changing the title of land in an action of divorce, as was done here. Chap. 111, sec. 29, R. S.; Bishop on M. & D., secs. 591, 626; *Lovett v. Lovett*, 11 Ala., 763; 8 Blackf., 218. 2. The statute (sec. 24) authorizes the court to give the wife alimony *out* of her husband's estate, and such part of the personal property of the husband as it may deem equitable, and award restoration of her separate property; but plaintiff had none. The part of the judgment appealed from is not *alimony.* Alimony "is a continuous allotment of sums payable at regular periods for her support from year to year." It is not a specific portion of the husband's property, nor a gross sum of money. Bishop, sec. 491, and note.

*C. C. Remington* and *S. U. Pinney*, for respondent.

COLE, J. The principal, and really the only question discussed on this appeal was, whether it was competent for the circuit court, in granting a divorce from the bond of matrimony in favor of the wife, she being an innocent party, to pass to her the title of the real estate mentioned in the complaint, to be held by her in fee simple. The counsel for the appellant contends that chapter one hundred and eleven of the revised statutes confers upon the court no power to pass to her the title

of real estate belonging to the husband, and that the court is only authorized to award her alimony out of his estate, and give her such portion of his personal property as may be deemed just and equitable, in view of the character and situation of the parties. We think this is an erroneous view of the statute. As we understand its provisions, the court, on granting a divorce from the bond of matrimony, where the husband is the guilty party, is not only authorized to give the wife alimony proper out of his estate, under section 24, but likewise has power under section 29 to make a partition between the parties of the property which in law was vested in the husband. This is apparent from the language of that section, which reads as follows: " The court shall, in all cases subject to the provisions of this chapter, regulate the division and distribution of the estate, real and personal, between the parties, and the allowance for alimony to the wife, or to her and the minor children committed to her care and custody, according to equity and good conscience, having always due regard to the legal and equitable rights of each party ; but nothing contained in this chapter shall authorize the court to divest any party of their title to or interest in any real estate, further than is expressly specified herein." This language, when considered in connection with the preceding provisions of this chapter, very clearly shows that the court is not only authorized to allow the wife alimony, by making a decree in her favor for the payment of an annuity or a gross sum chargeable upon his estate, together with such a portion of his personal property as may be awarded her (see sections 23, 24 and 27), but is further authorized to make a division and distribution of the real property vested in the husband, upon equitable principles, and as a means of doing complete justice between the parties.

The counsel for the appellant, however, contends that the legislature could not have intended, by the language employed in section 29 above cited, to give the court power to pass to the wife title to the husband's lands, but merely authorized the

court to make restitution to the wife of such real and personal property as might have come to the husband by reason of the marriage, and that this intention is the more manifest from the last clause of the section. It is not very clear to my mind what effect can be given this clause. It evidently contemplates that power is given the court in the former part of the section to divest any party of their title to or interest in real estate, but says in effect that this power shall not be exercised further than is expressly specified therein. Under our present statutes the real estate of a married woman, with the rents, issues and profits thereof, is her separate estate, and the husband has no control over it. Title to it does not vest in the husband in consequence of the marriage, and all the interest he can possibly take in it is that of tenant by the curtesy, in case he should survive her. There is therefore no occasion for giving the court power to make restitution of the wife's real estate upon granting a divorce from the bond of matrimony. And although section 29 was first adopted in the revision of 1849, and before the passage of the law securing to married women their separate estate, while both laws have been re-enacted in the present revision—yet I cannot think it was originally designed merely to give the court authority to make restitution to the wife of her real and personal property upon dissolution of the marriage. I think it was intended by this section to confer upon the court, on dissolution of the marriage, the power to make partition or division of the real and personal property of the husband between the parties upon equitable principles, where such division would be most advantageous for all concerned. Some of our sister states have adopted analogous provisions, and they have been held to confer upon the courts not only power to decree the wife alimony proper, but also to clothe them with authority to make an equitable partition of the property which in law was vested in the husband. *Fishli v. Fishli*, 2 Littell, 337; *Thornberry v. Thornberry*, 4 id., 251; *Lockridge v. Lockridge*, 3 Dana, 27; *Barthelemy v. Johnson*, 3 B.

Monroe, 90; *Wilmore v. Wilmore*, 15 B. Monroe, 49; *Fishli v. Fishli*, 1 Blackf., 360; *Russell v. Russell*, 1 Carter (Ind.), 510; Indiana R. S. 1843, sec. 60, chapter 35, p. 604; *Sheafe v. v. Sheafe*, 4 Foster, 564; *Whittier v. Whittier*, 11 id., 452; *Jolly v. Jolly*, 1 Iowa, 9; *Inskeep v. Inskeep*, 5 id., 204; *Kashaw v. Kashaw*, 3 Cal., 312; *Wright v. Wright*, 7 Texas, 526; *Byrne v. Byrne*, 3 id., 336; *Payne v. Payne*, 4 Humph. (Tenn.), 500; *Robinson v. Robinson*, 7 id., 440; *Chenault v. Chenault*, 5 Sneed, 248; *Richardson v. Wilson*, 8 Yerger, 67; *Bergen v. Bergen*, 22 Ill., 187; *Foote v. Foote*, id., 425; *Jackson v. Stewart*, 20 Geo., 120; 2 Bish. on M. & D., book 5, chap. 29; *Stewartson v. Stewartson*, 15 Ill., 145. Also see *Cooke v. Cooke*, 1 Eng. Ecc., 178. But in the absence of all adjudications upon the question, it is difficult to perceive upon what rule of construction it could be held that the language used in the last clause of section 29 nullifies and destroys the express power granted in the former part of the same section. It does not profess to have that effect, but declares that "nothing contained in this chapter shall authorize the court to divest any party of their title to or interest in any real estate, further than is expressly specified herein." As already observed, this clause goes upon the plain assumption that power is given the court in the chapter to divest the title of real estate, and then attempts to limit the exercise of this power to the cases therein specified. This seems to be unnecessary, but the language might have been used out of an abundance of caution by the legislature. At all events, if it is not easy to see to what this clause relates as our statutes now stand, it is still more difficult to understand upon what rule or principle of construction it can be said to destroy a power which it plainly recognizes and attempts to regulate. We are therefore forced to the conclusion that the court had the power in this case to divest the husband of the title to his real estate, and vest the same in the wife in fee simple.

Whether the court allowed the wife more than she was entitled to in equity and good conscience, is not a question prop-

erly presented on this record. The complaint states that the land, amounting to two hundred acres, upon which there is a mortgage of nine hundred dollars, constitutes the homestead of the family, and is worth about three thousand dollars. It is also further stated in the complaint that the defendant has a thousand dollars of other property, and is of sufficient ability to provide for the support of his wife in a suitable manner. The court gave to the wife the custody and care of the children, one being a girl about twelve, the other a boy about nine years of age. In the absence of all evidence bearing upon the point, it is impossible for us to say that the court did not exercise a sound judicial discretion, and apportion the property, real and personal, upon just and equitable principles.

*By the Court.*—The portion of the judgment appealed from is affirmed.

On a motion for a rehearing, the counsel for the appellant argued that the statute (ch. 111, R. S.) provides first for a restoration to the wife of all her property. That is regarded as her "equitable right," so that if her husband should have taken her money and purchased real estate, and taken the title in his own name, the court could pass the title to such property to her; or if part of her money was used in the purchase, it could declare it a lien upon the estate in the hands of the husband. Such is clearly the meaning of sec. 29, when it declares that "subject to the provisions of this chapter," the court shall in all cases regulate the division and distribution of the estate, real and personal, between the parties. This section gave no new power to the court. The last clause of it was added for the very purpose of showing that the legislature did not intend giving the power to divest title except as above stated. The expression "as specified *herein*," means "as specified *in this chapter*." Sec. 29 seems to have been taken from the Kentucky and Indiana statutes. Alabama has also a similar one. The statute in Kentucky is very old; and yet there is not a

case in that state where the court has passed the title to real estate. Counsel then cited and commented on the following cases: *Fishli v. Fishli*, 2 Littell, 337; id., 251; 3 Dana (Ky.), 27: 15 B. Mon., 49; *Maguire v. Maguire*, 7 Dana, 181; *Rice v. Rice*, 6 Ind., 100; *Lovett v. Lovett*, 11 Ala., 763; *Wright v. Wright*, 7 Tex., 526; 15 Ill., 145; *Foote v. Foote*, 22 id., 187; *Payne v. Payne*, 4 Humph., 500; *Robinson v. Robinson*, 7 id., 440; 5 Sneed, 448; 8 Yerg., 67; *Jackson v. Stewart*, 20 Geo., 120; *Russell v. Russell*, 1 Carter (Ind.), 510.

DIXON, C. J. The question as to the proper construction of section 29 is not an easy one. It has caused me considerable trouble, and any opinion which I might express would be given not without some doubts as to its correctness. I am inclined, however, to adhere to the former decision, in which we held that the last clause of the section, the language of which implies that the title to real estate may in some cases be divested, does not abridge or take away the power conferred by the first clause to decide and pass the title to such estate. I am inclined to this as the more correct and rational construction, not precisely upon the ground intimated in the former opinion, that the last clause is or may be inconsistent and inoperative, but upon the ground suggested by counsel at the bar, that, taken in connection with other provisions of the chapter, proper effect may be given to both clauses. Section 25 provides for two classes of cases in which, upon the dissolution of marriage by judgment of court, there can be no division of the real estate of the husband, and consequently no divesting of his title. The wife in these cases is entitled only to a dower in his lands in the same manner as if he were dead. The limitation in the last clause of section 29 operates in such cases, and the court cannot divide the estate of the husband or divest his title.

Again the langugage of the first clause of section 29 is general, and seems to extend the power of the court in regulating the division and distribution of the estate, to the estate of the

wife as well as that of the husband; and if this is so, then there are many other cases in which effect must be given to the limitation contained in the last clause. Section 21 provides that whenever a nullity of a marriage, or a divorce from the bond of matrimony, for any cause except that of adultery committed by the wife, shall be adjudged, and when the husband shall be sentenced to imprisonment for life, and also upon every divorce from bed and board, the wife shall be entitled to immediate possession of all her real estate in like manner as if her husband were dead. The excepted case of a divorce granted for the adultery of the wife, would seem to imply that in such cases the adulterous wife may, under some circumstances at least, be deprived of her real estate, as for example when the husband, charged with the support and education of her children, is poor and unable to do so without the possession or title of the whole or some portion of her real estate; and if this be so in that case, then the limitation of the last clause of section 29 operates to protect the wife in the title and possession of her separate estate in all other cases. It does so by taking such other cases out of the operation of the general power conferred by the first clause. It may also be found that there are other cases where the limitation is operative.

For these reasons I am in favor of adhering to the former decision. It gives full effect to all parts of the statute, and seems to me to be the only construction which will do so.

COLE, J. The views above expressed by the Chief Justice of the provisions of the divorce statute, and especially of the last clause of section 29, did not occur to me when drawing up the original opinion. I could not then see to what that clause could apply. He has, however, shown that cases may arise in which full effect can be given to this clause as a limitation of the power of the court to divest title, and at the same time sustain the power granted in the former part of the sec-

tion.   I am inclined to think his view of the statute the better one, and concur in it so far as it modifies my former opinion. I have not deemed it necessary to redraft that opinion, but let it be published as originally written, with these explanations.

*By the Court.*—The motion is denied.

DOWNER, J. dissents.