Philip Becker

*v.*

Maria Becker.

1. Divorce—*custody of children.* Where a divorce is decreed to the wife, upon the verdict of a jury finding that her husband had treated her with extreme and repeated cruelty, and there is no evidence of her unfitness to have the care and custody of her infant children, there is no impropriety in decreeing the custody of them to her.

2. Same—*verdict presumed to be right.* Where a suit for a divorce is submitted to a jury, the presumption is in favor of their verdict until it is successfully impeached in some mode provided by law. *Prima facie,* at least, it shows, when in favor of the complainant, that the proofs sustained the allegations of the bill, and when the evidence is not preserved in the record, the verdict must be treated as the evidence of the facts.

3. ALIMONY. Where a divorce was granted to the wife, on account of extreme and repeated cruelty of the husband, and the custody of two infant children given to her, and it appeared that the husband owned property of the value of over $9000, and that his indebtedness did not exceed $900, it was *held*, that a decree that he pay to the complainant $130 and her solicitors $120, within 30 days, and that he pay to her there-after $400 per annum, in quarterly installments, as her alimony, and in. lieu of dower and all claim for the support of the children committed to her charge, was not unreasonably large.

4. INTEREST. It is erroneous to make the installments, in a decree for alimony, bear ten per cent interest if not paid when due. The legal rate of interest upon judgments and decrees is six per cent, and decrees of this character are not an exception to the law.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. A. CRAIN, for the plaintiff in error.

Mr. LEONARD STOSKOPF, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Divorce was decreed appellee, on the verdict of a jury finding that appellant had treated her with extreme and repeated cruelty. She was decreed the custody and control of the youngest two of the children, and appellant was ordered to deliver her certain articles of household property, pay her $130 and her solicitors $120, in 30 days, and thereafter he was to pay her, in quarterly installments, in advance, commencing on the 1st day of June, 1872, $400 per annum, until the further order of the court, as her alimony, and in lieu of dower and all claim of compensation for the support of the children committed to her custody. The amount was decreed to bear interest at the rate of ten per cent per annum, if not paid at the times directed, and to be a lien on certain real estate of appellant until he should secure the payment of the same by mortgage.

The objection taken to the decree relates only to the custody of the two children, and the alimony. It is insisted, in

these respects, it is unauthorized by the evidence. What the evidence was before the jury, we do not know, as it was not preserved by a bill of exceptions. As in other cases submitted to a jury, the presumption is in favor of the verdict until it is successfully impeached in some mode provided by law. "*Prima facie*, at least, it shows that the proofs sustained the allegations of the bill, and as this is all the record does show as to what the proof was, or what facts were proved on the trial, we must treat it as the evidence of the facts." *Thatcher* v. *Thatcher*, 17 Ill. 66.

The statute invested the court with authority, when the divorce was decreed, to make such order, touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case was fit, reasonable and just. Gross' Stats. (1869), p. 215, sec. 6.

As was observed in *Stewartson* v. *Stewartson*, 15 Ill. 145, "before we should feel justified in disturbing a decree of this kind, we ought to be able to say that manifest injustice has been done. The conduct of the parties may very properly be taken into consideration, upon the question of alimony. That is not before us as it was presented to the circuit court, upon the hearing of the case for the divorce, so that, to that extent at least, the circuit court had more facilities for judging of the respective merits of the parties than we have."

Appellant stands convicted, by the record, of being guilty of extreme and repeated cruelty towards appellee. She is presumed to be qualified to properly discharge the duties of mother and guardian towards her infant children, until it is otherwise proved. The record contains no proof of her unfitness, and there can, therefore, be no impropriety in decreeing her the custody of the children named in the decree.

Appellant's answer admits that he owns a residence, in the city of Freeport, of the value of $3000; an improved farm of 200 acres, in its vicinity, of the value of $6000; that he has personal property of the value of $600, and that his

indebtedness does not exceed $900. From this, it is impossible to say the amount decreed is so unreasonably large that it should be set aside.

We are of opinion, however, that the court erred in decreeing that the installments of alimony, if not promptly paid at the times directed, should bear interest at the rate of ten per cent per annum. The legal rate of interest upon judgments and decrees is six per cent per annum, and decrees of this character are not an exception to the law.

The decree of the court below will accordingly be modified by that court so as to make the rate of interest on the unpaid installments six instead of ten per cent per annum, and in all other respects affirmed, and the cause is remanded for the purpose of enabling the court below to make such modification. Each party will pay the costs made by him or her in this court, and they will be so taxed by the clerk.

*Decree modified.*