### Martin Berg v. Annie Berg.
#### Gen. No. 11,871.

1. DECREE—*when evidence need not be preserved in order to support.* Where a decree in chancery is based upon the verdict of a jury, it is not necessary to preserve the evidence to sustain the same.

2. ALIMONY—*when order fixing, will not be reviewed upon the facts.* Where the record submitted by the appellant complaining with respect to the decree fixing the alimony, is incomplete and

shows upon its face the omission of material matters, the court
will not review the decree, but will presume with respect thereto
that the matters omitted, if before it, were sufficient to sustain the
same.

3. SOLICITOR'S FEES—*when form of allowance of, in divorce case,
not improper.* A decree allowing solicitor's fees to the wife, for
the use of her solicitor, named therein, is not improper.

Divorce proceeding.  Error to the Circuit Court of Cook County;
the Hon. EDMUND BURKE, Judge, presiding.  Heard in this court
at the October term, 1904.  Affirmed.  Opinion filed March 27, 1905.

**Statement by the Court.**  Plaintiff in error and defen-
dant in error were, respectively, complainant and defendant
in the lower court, and will be so referred to here.  Martin
Berg, complainant, September 29, 1899, filed a bill against
his wife, Annie Berg, for divorce, averring that they were
married June 28, 1884; that defendant, September 12,
1897, deserted and absented herself from complainant, with-
out reasonable cause, and continued such desertion for the
space of two years, and still persists therein; also averring
that the defendant has been guilty of extreme and repeated
cruelty toward complainant, and setting forth specific acts
of cruelty.

The defendant, Annie Berg, answered the bill, denying all
of its material averments, except marriage, and, March 1,
1900, filed a cross-bill for separate maintenance, charging
her husband with extreme and repeated cruelty and averring
specifically acts of cruelty of her husband toward her, and
also charging abandonment by her husband of her and their
two children, Nora, aged fourteen, and Alma, aged thirteen
years; avers that he neglected to provide for her or the chil-
dren, and that he was the owner of property, real and per-
sonal, of the value of $3,500, and earned $15 and sometimes
$24 per week as a tanner, etc.  Berg, cross-defendant, an-
swered the cross-bill, denying all its material allegations,
except marriage and the averments as to the children.  Rep-
lications were filed to the answers to the bill and cross-bill.

The decree recites, in substance, that a jury was called,
naming them, and that all the issues on the bill and cross-
bill were submitted to the jury, without objection, "and the

said jury and court having heard the evidence of the respective parties and the arguments of counsel, the said jury found the said issues in favor of the said cross-complainant, and that the defendant, Annie Berg, was not guilty of either of the charges of cruelty or desertion as alleged by said complainant in his bill; that she was entitled to the prayer of her cross-bill, and that the equities of this case were with the said Annie Berg; and the complainant, said Martin Berg, having interposed a motion to set aside findings and verdicts of said jury and for a new trial, the court having heard the arguments of counsel thereon and the reasons in support thereof, and, on consideration of the same, having overruled said motion and denied the same, and said court, being fully advised in the premises, and having heard all the evidence adduced by the parties, doth find that the allegations in the bill of the said Martin Berg contained, are not true as therein stated, and that the allegations in the said cross-bill contained are true as therein alleged; that the equities of this cause are with the cross-complainant, Annie Berg; that she is entitled to the prayer of her cross-bill; that she is living separate and apart from said Martin Berg without her fault; that said court has jurisdiction of the subject-matter and of the parties hereto, and that the said findings of said jury are based on the evidence and meet with the approval, findings and judgment of said court."

The court, by its decree, dismissed the original bill, and decreed that the complainant, Martin Berg, pay to cross-complainant, Annie Berg, for her support and maintenance, $10 per week, commenceing the Saturday next following the entry of the decree, said sum to be paid on each Saturday thereafter until the further order of the court; and that he also pay to her $80 in arrear under a former order of the court, and that he also pay to her, within ten days, for her solicitor $500 for balance of said solicitor's fees, which the court finds to be reasonable. The decree is made a lien on the complainant's real property.

MYER S. EMRICH, for plaintiff in error.

Berg v. Berg.

HENRY N. STOLTENBERG, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contentions of appellant's counsel are (1) that the evidence has not been preserved in any way known to equity practice; (2) that the findings of the court are insufficient to support the decree; (3) that the decree is not supported by the verdict of the jury; (4) that the decree, in ordering that complainant pay to Annie Berg, for her support, $10 per week, is not based on any evidence or finding of the court; and (5) that the decree is erroneous "in allowing solicitor's fees to Annie Berg, for the use of Henry N. Stoltenberg, solicitor for the cross-complainant." These contentions will be considered in the order stated. It was not incumbent on the cross-complainant to preserve the evidence by bill of exceptions or otherwise, the decree being based on the verdict of the jury and in cross-complainant's favor. If the complainant, Martin Berg, thought the verdict of the jury contrary to the evidence and desired to have the evidence reviewed, it was for him to preserve it by bill of exceptions. Becker v. Becker, 79 Ill. 533, was a suit by the wife for divorce. The issues were submitted to a jury, the jury found for the wife, and a decree was rendered on the verdict in her favor. On objection made that the decree, in so far as it related to alimony and the custody of the children, was unauthorized by the evidence, the court said: "As in other cases submitted to a jury, the presumption is in favor of the verdict until it is successfully impeached in some mode provided by law. *Prima facie,* at least, it shows that the proofs sustained the allegations of the bill, and as this is all the record does show as to what the proof was, or what facts were proved on the trial, we must treat it as the evidence of the facts.' Thatcher v. Thatcher, 17 Ill. 66." The court further said, in substance, in regard to the decree as to alimony and the custody of the children, that before the court would feel warranted in disturbing it, the court should be able to say that manifest injustice had been done, citing Stewartson v. Stewartson, 15 Ill. 145. In Bonnell v. Lewis, 3 Ill. App.,

283, the court, after announcing the general rule, that in a chancery cause, either specific facts sustaining the decree must appear on the face of the decree, or the evidence must be otherwise preserved, states that proceedings under the mechanic's lien law are an exception to the general rule, citing a number of cases; and further say: "So, also, if an issue out of chancery is submitted to a jury, and the decree of the court is based upon the verdict of the jury, it is not requisite that the evidence should be preserved." Citing many cases, among them Becker v. Becker, *supra*. When the issues in mechanics' lien cases were, in pursuance of the statute, submitted to a jury, it was uniformly held that it was the duty of the party complaining of the verdict to preserve the evidence, either by bill of exceptions or certificate of evidence. Kelly v. Chapman, 13 Ill. 530; Ross v. Derr, 18 ib., 245; Kidder v. Aholtz, 36 ib., 478; Lewis v. Rose, 82 ib., 574. Section 7 of the divorce statute provides for trial by jury, and the court in Thatcher v. Thatcher, 17 Ill. 66, say that the mechanics' lien law is, as to the right of trial by jury, similar in principle to the statute in respect to divorce. What has been said disposes of contentions 1 and 2.

The 3rd contention is that the decree is not supported by the verdict. This contention cannot be sustained. The verdict, in terms, finds the issues for the defendant and cross-complainant, Annie Berg.

In support of contention 4, which relates to the order that the complainant pay $10 per week to his wife, counsel say, the order is not based on or supported by evidence. The transcript of the record is certified by the clerk to be a complete transcript, with the exception of some fifteen documents and a number of orders, which are omitted therefrom. Among the matters so omitted are a petition of the defendant for an increase of alimony; a petition of the defendant for a rule to show cause; an answer of complainant to the last petition; a petition of the complainant to modify decree as to alimony; an answer of the defendant to said petition; all orders in the cause on answers and petitions filed in it. There can be no question, we think, that if the documents

mentioned and others omitted, and the orders omitted, were before us, they would serve to enlighten us on the question of alimony. We cannot, on so incomplete a record, and in the absence of evidence, which it was incumbent on the complainant to preserve if he would attack the decree, sustain the contention that it is unsupported by evidence. "In the absence of a complete record, the decree of the Circuit Court will be supported by every reasonable intendment." Culver v. Schroth, 153 Ill. 437, 443.

In Stewartson v. Stewartson, 15 Ill. 145, the court say, in regard to an objection to the allowance of alimony: "Before we should feel justified in disturbing a decree of this kind, we ought to be able to say that manifest injustice has been done. The conduct of the parties may very properly be taken into consideration, upon the question of alimony. That is not before us as it was presented to the Circuit Court upon the hearing of the case for divorce, so that, to that extent at least, the Circuit Court had more facilities for judging of the respective merits of the parties than we have. In cases where the circumstances may justify a divorce under our statute, there may be widely different degrees of merit on the one side, and censure on the other, which should very properly be considered in determining the question of alimony, quite independent of the pecuniary circumstances of the parties. Hence the decision of the Circuit Court is entitled to every reasonable intendment in its favor."

In support of the contention in respect to the allowance of solicitor's fees, counsel cite: Anderson v. Steger, 173 Ill. 112; Lynch v. Lynch, 99 Ill. App. 454, and Callies v. Callies, 91 ib., 305. In Anderson v. Steger, the order was that the defendant pay to the clerk of the court for the use of the plaintiff's solicitor $1,028 for solicitor's fees, and $45 for master's fees. In each of the other cases, the order was for payment of solicitor's fees to the plaintiff's solicitor. The rule stated in Anderson v. Steger is that the allowance for solicitor's fees must be made in the name of the wife, and not to the solicitor whom she employs.

In the present case the order is "that said Martin Berg

do pay to said Annie Berg for use of Henry N. Stoltenberg, the solicitor for the cross-complainant," etc. We do not deem the cases cited in point. Under the order, the cross-complainant, Annie Berg, may, herself, apply the money when collected, as suggested in the Anderson case.

It is not objected that the allowance for solicitor's fees is excessive. The allowance seems large, in view of the averments in the cross-bill as to the value of the complainant's property and his earnings, and also in view of the comparatively small amount of alimony, $520 per annum, allowed to the wife. This, however, may not be so, when the evidence which is not before us is considered.

We find no reversible error in the record, and it will be affirmed.                                        *Affirmed.*