MARTIN BERG

*v.*

ANNIE BERG.

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*rule as to preserving the evidence to support decree.* The rule requiring a party in whose favor a decree granting relief is entered to support the same, on appeal or writ of error, by a certificate of evidence or by the facts recited in the decree, does not apply to cases where a jury trial is a matter of right, since the presumption in such cases is in favor of the decree until it is impeached in some mode provided by law.

2. SAME—*evidence must be preserved to support separate maintenance branch of decree.* Upon appeal or writ of error to review a decree dismissing a bill for divorce and granting separate maintenance on the cross-bill, the successful party is not required to preserve the evidence in order to maintain the decree on the bill for divorce, but must preserve it as to separate maintenance branch of the decree even though there was a trial by jury on both issues, since a jury trial in separate maintenance is not a matter of right.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

On September 29, 1899, the plaintiff in error, Martin Berg, filed a bill for divorce in the circuit court of Cook county against his wife, the defendant in error, Annie Berg, alleging desertion and extreme and repeated cruelty. The defendant in error answered the bill, denying the material allegations thereof, and later, on March 1, 1900, filed her cross-bill for separate maintenance, charging her husband with extreme and repeated cruelty, and alleging that he was the owner of real and personal property of the value of $3500, and earned from $15 to upwards of $24 per week. Upon issues being joined the plaintiff in error called for a jury. The verdict of the jury found the issues in favor of the defendant in error upon her cross-bill; that she was not

223—14

guilty of either the charge of desertion or extreme and repeated cruelty; that the equities of the case were with her and that she was entitled to the relief prayed in her cross-bill. The jury rendered two separate verdicts,—one finding that she was not guilty of cruelty as charged in the bill of complaint, and another finding that she was not guilty of desertion as charged in said bill. The court by its decree dismissed the original bill, and decreed that the plaintiff in error pay to his wife, for her support and maintenance, $10 per week and $80 which was in arrears on a former order of the court, together with $500 for her solicitor's fee. From the decree a writ of error was prosecuted to the Appellate Court, where the decree was affirmed.

MYER S. EMRICH, for plaintiff in error.

HENRY N. STOLTENBERG, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The record in this case fails to contain all the proceedings of the trial court. The clerk certifies that the transcript of the record is complete with the exception of some fourteen documents, and also the orders in said case on the answers, replications and attachments mentioned therein,—all of which documents and orders are omitted from said transcript. It is also apparent that all of the evidence has not been preserved by a bill of exceptions, nor are the facts specifically set out in the decree, except that the defendant in error is living separate and apart from her husband without her fault.

It is contended by plaintiff in error that inasmuch as the evidence upon which the decree is based is not preserved in any of the ways known to equity practice this decree should be reversed, and the fact that a jury brought in a verdict does not aid the decree, for the reason that the verdict was merely advisory upon the court. In chancery cases the practice is well settled in this State that the party in whose favor

a decree granting relief is entered, to maintain it must in some way preserve the evidence, by a certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing, and that it is not the duty of the party against whom the decree is rendered thus to preserve the evidence. No presumption will be entertained that evidence sufficient to sustain the decree, not appearing in the record, was heard, and if the evidence is not thus properly preserved the decree will be reversed upon appeal. (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301; *Torsell* v. *Eiffert,* 207 id. 621.) Some exceptions, however, to this general rule are found. In cases where the parties are entitled to a trial by jury the rule is different, and the evidence does not have to be thus preserved. This has been held to be true in cases of divorce, and formerly in cases of mechanics' liens, the presumption in such cases being in favor of the verdict until it is successfully impeached in some mode provided by law. *Becker* v. *Becker,* 79 Ill. 532; *Thatcher* v. *Thatcher,* 17 id. 66; *Lewis* v. *Rose,* 82 id. 574.

Section 7 of chapter 40 of the Revised Statutes of Illinois provides that when the defendant appears and denies the charge in the complainant's bill for divorce, either party shall have the right to have the cause tried by a jury. Trial by jury in cases of divorce is therefore a matter of right, and not optional with the court. The plaintiff in error filed his bill for divorce; the defendant filed her answer. On the issues thus raised either party was entitled to have the case tried by jury. The defendant also filed a cross-bill for separate maintenance, and an answer thereto was filed by the plaintiff in error. On the issues raised by this cross-bill and answer neither party was entitled, as of right, to a jury trial. If the court saw fit to submit any of the controverted questions raised by the cross-bill and answer, to a jury, it could so order, but the verdict or finding of the jury on such issues so submitted would be advisory, merely. The judge might adopt the verdict or set it aside and re-submit the question to

a jury, or he might disregard it and enter such a decree as in his judgment equity demanded. (*Guild* v. *Hull,* 127 Ill. 523; *Kelly* v. *Kelly,* 126 id. 550; *Pittenger* v. *Pittenger,* 208 id. 582.) Plaintiff in error called for a jury, and the issues raised both by bill and answer and by cross-bill and answer were submitted to the jury, and the verdict was against the plaintiff in error upon the divorce issue and also upon the question of separate maintenance. This verdict was binding upon the court as to the divorce issue but was only advisory on the question of separate maintenance. If the plaintiff in error, upon a writ of error, desired to present the question of the sufficiency of the evidence to support the decree as to the divorce issue, he should have done so by properly preserving the evidence as required by law. In the absence of such evidence we will presume that it properly sustained the decree as to the issues raised by the original bill, answer and replication.

There are no specific findings of fact in the decree to sustain the issues of the defendant in error as to her cross-bill for separate maintenance. The only evidence in the record which tends to support such findings is the deposition of one Branstad. We do not think the evidence, in view of all the facts presented by the record, is sufficient, in itself, to sustain the finding of the decree as to separate maintenance. By the decided weight of authority no presumption can be entertained that other evidence not appearing in the record was introduced sufficient to sustain the decree on the issue of separate maintenance.

The judgment of the Appellate Court and the decree of the circuit court will be affirmed as to the findings that the plaintiff in error was not entitled to a divorce. The judgment of the Appellate Court and decree of the circuit court as to the findings on the issues raised by the cross-bill and answer thereto, including the finding for solicitor's fees, will be reversed and the cause remanded to the circuit court.

*Affirmed in part and reversed and remanded in part.*