## Fifi Rang, Plaintiff in Error, v. Louis Rang, Defendant in Error.

### Gen. No. 24,051.

1.   EQUITY, § 547*—*who must preserve evidence justifying decree.*   In chancery it is incumbent upon the party in whose favor a decree granting relief is entered to preserve in the record the evidence justifying the decree.

2.   EQUITY, § 550*—*when not presumed that evidence sufficient to support decree was heard.*   No presumption will be indulged that evidence sufficient to support a decree in chancery was heard if the evidence justifying the decree is not preserved in the record.

3.   EQUITY, § 549*—*what finding will not sustain decree.*   The general finding that all the material allegations in a bill are proved and that the equities of the case are with complainant will not sustain a decree granting relief, where there is no finding of specific facts and the evidence is not preserved in the record.

4.   EQUITY, § 547*—*when burden on husband to sustain order relieving him from payment of alimony.*   On an application for relief from payment of alimony, the burden is on the husband to sustain the order relieving him from the payment of alimony.

5.   EQUITY, § 549*—*when order relieving from payment of alimony not sustained.*   An order for relief of a husband from the payment of alimony cannot be sustained on appeal where no facts are recited in the decree, but merely the conclusions of the chan-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cellor upon facts which he deduces from the testimony not preserved in the record.

6. DIVORCE, § 110*—*when question of alimony adjusted*. The question of alimony is at all times open for adjustment by the court in accord with the equities which may be made to appear upon the motion of either party.

7. DIVORCE, § 113*—*what does exempt defendant from payment of alimony*. Although a defendant in divorce may be insolvent, that fact alone will not exempt him from performing the alimony decree, providing he still has the ability to earn money which will put him in a position to pay.

8. DIVORCE, § 113*—*what does not exempt husband from payment of alimony*. The fact that a divorced wife, to whom alimony has been awarded, becomes unchaste is not ground for relieving the husband from the payment of alimony.

Error to the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in this court at the March term, 1918. Reversed. Opinion filed June 10, 1918. Rehearing denied June 24, 1918.

CHARLES E. ERBSTEIN, for plaintiff in error.

GEORGE W. FIELD, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Complainant divorced defendant for adultery which he confessed in open court. Defendant was ordered, without protest from him, to pay alimony of $250 a month, which he paid until the October, 1917, instalment became due, which he refused to pay. Defendant, after being cited for contempt of court for not paying this instalment, petitioned the court to be relieved from the further payment of alimony on two grounds: One, the alleged lapse from sexual virtue of complainant; the other, financial embarrassment. Defendant charged complainant with but one act of sexual indiscretion, and that with a person given the fictitious name of "John Doe." He also sets up his loss of the property

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which he possessed at the time the order for alimony was entered. His fortune was lost, he claimed, in speculations upon the Chicago Board of Trade. No mention is made in his petition of his inability to earn money at a useful occupation, and no reason assigned why he cannot earn money enough to enable him to comply with the alimony order of the court. The order appealed from discharged defendant from all obligation to pay alimony other than the two instalments aggregating $500, due at the time of the entry of the order. The court found that complainant had, since the entry of the decree of divorce, been guilty of "lewd and adulterous conduct" and that defendant had no fixed income and is unable to comply with the alimony decree.

There is no evidence in the record before us nor is there any recitation of evidential facts in the decree to support it.

The rule here applicable is well stated in *Ohman v. Ohman*, 233 Ill. 632, thus:

"In chancery it is incumbent upon the party in whose favor a decree granting relief is entered, to preserve in the record the evidence justifying the decree. Contrary to the rule of law, no presumption will be indulged that evidence sufficient to sustain the decree was heard if such evidence does not appear in the record. The general finding that all the material allegations in the bill are proved and that the equities of the case are with the complainant will not sustain a decree granting relief, where there is no finding of specific facts and the evidence is not preserved in the record. (*Village of Harlem v. Suburban Railroad Co.*, 202 Ill. 301; *Torsell v. Eiffert*, 207 Ill. 621; *Berg v. Berg*, 223 Ill. 209; *Becklenberg v. Becklenberg*, 232 Ill. 120.) Where there has been a verdict of a jury or a report of a master finding the facts, such verdict or report preserves in the record the facts established instead of the evidence heard to establish the facts, and the evidence need not be otherwise preserved. (*Thatcher v. Thatcher*, 17 Ill. 66.) In this case there was neither

the verdict of a jury, report of a master, depositions filed in the cause nor finding of specific facts in the decree.''

In the decree before us no facts are recited—merely the conclusions of the chancellor upon facts which he deduces from the testimony which he evidently heard and to which we have not access. This is not sufficient to sustain the order in dispute, the burthen of sustaining which the law casts upon defendant. *Berg v. Berg,* 223 Ill. 209.

The question of alimony is at all times open for adjustment by the court in accord with the equities which may be made to appear upon the motion of either party. Such alimony may on proper showing be increased or decreased. While defendant in this case may be insolvent, such insolvency does not of itself relieve him from the payment of all alimony. Even in bankruptcy a decree for alimony is not discharged as to payments accruing subsequent to a discharge in bankruptcy. Although defendant may be insolvent, that fact alone would not exempt him from performing the alimony decree providing he still has the ability to earn money which will put him in a position to pay. Therefore it would have been proper to inquire into defendant's earning capacity and to fix his status and liability accordingly.

It is again urged that complainant's alleged lapse from virtuous conduct deprives her of any further right to alimony from defendant; but with this contention we cannot agree. *Cole v. Cole,* 142 Ill. 19, is cited to sustain this contention; and while language may be found in the opinions so indicating, it is clearly *obiter dicta,* as the opinion says regarding this phase of the case, ''But there is no such case made by this petition.'' On the other hand, there is other language in the *Cole* opinion which destroys defendant's contention in this regard, for Mrs. Cole was not deprived of alimony notwithstanding her moral conduct subsequent to the decree was attacked. The court said that the allowance

should not be taken away "though her conduct be flagrant"—meaning that her conduct was unchaste. We think the governing rule is as stated in *Forrest v. Forrest,* 3 Bosw. (N. Y.) 661, where the court said:

"Whatever duty the plaintiff, after her divorce, owed to the community in which she lived to lead a pure and virtuous life, she owed no duty to the defendant other or greater than she owed to any other member of that community. By her marriage and subsequent divorce, she acquired a right to her suitable allowance, and * * * her subsequent misconduct, if she was guilty, would not, I think, have forfeited it, and for the obvious reason that she would not have violated any right of her late husband, however much she outraged the moral sense of the community."

To hold otherwise might tempt a divorced woman to stray from virtue's path. *Stanfield v. Stanfield,* 22 Okla. 574; *Cross v. Cross,* 63 N. H. 444.

The decree appealed from is reversed.

*Reversed.*