(No. 15088.—Decree affirmed.)
ANNA WAGNER MEIGHEN, Appellee, *vs.* THOMAS F. MEÏGHEN, Appellant.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. DIVORCE—*when the wife should not be awarded real estate of her husband.* Where the wife has no other claim than that which arises from the marriage relation, on securing a divorce she should not be awarded the real estate of her husband in fee, but the proper practice, unless special circumstances justify a different course, is to give to the wife an allowance under the control of the court.

2. SAME—*equity has power to assign a part of husband's real estate as alimony.* Where special circumstances justify such a decree, a court of equity giving a wife a divorce has the right and power to assign to the wife as alimony a part of the real estate of the husband in fee.

3. SAME—*when a decree giving wife husband's real estate is proper.* Where the homestead property is held in common by a husband and wife and is improved with the contributions of both, a court of equity decreeing a divorce at the suit of the wife on

ground of cruelty may properly order the property transferred to the wife in fee, subject to the payment of certain liens against it and of a considerable sum for household bills for which the husband was liable.

DUNCAN, J., dissenting.

APPEAL from the City Court of Elgin; the Hon. FRANK E. SHOPEN, Judge, presiding.

GEORGE D. CARBARY, and C. F. IRWIN, JR., for appellant.

FRANK A. McCARTHY, and J. V. McCARTHY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Anna Wagner Meighen, brought her suit to the June term, 1922, of the city court of Elgin, against her husband, Thomas F. Meighen, for separate maintenance. His answer denied the charges in the bill, and at the June term she amended her bill by praying for a divorce. His answer stood as an answer to the amended bill, and upon a hearing of the evidence the court found defendant guilty of the acts of cruelty alleged and decreed a divorce. The custody of the two minor children of the parties was awarded to the complainant, and the defendant was required to pay $10 per week for their support. The court also made findings respecting the property rights of the parties, vested the title to the household property and effects in the complainant, and required the defendant to convey to her his undivided one-half interest in the real estate occupied as a homestead. On this appeal the only assignments of error relate to property rights, and the award to the complainant, as alimony, of the defendant's interest in the real estate.

The complainant and defendant were the owners in fee of lot 4, in block 4, of J. H. Becker's addition to Elgin and

occupied the premises as a homestead. They were also possessed of household furniture and other property used by them in keeping house. They were married in 1910 and in 1913 bought the premises for $1600, and thereafter improved and remodeled the house so that the property was worth about $2800. It was conveyed to them, counsel say, as joint tenants, but the abstract of the record does not show the nature of the tenancy, except that each was the owner in fee of an undivided one-half. At the time of the marriage the defendant was a telegraph operator, and later the complainant worked and earned wages. He enlisted in the army on January 28, 1918, and during his absence she had an allowance from the government, and in February, 1918, went to work at the watch factory in Elgin. She earned $1600 the last year before the divorce, and before that received $50 or $60 a month. They bought on the installment plan a piano for $545 besides an old piano traded in, and there was $325 unpaid. They had a Ford automobile, which had been paid for, and their earnings were devoted to payment for the home and its improvement and buying household property. There were bills for material used in improving the premises which were a lien, amounting to $263, and there were unpaid household bills of $183, and $325 was due upon the piano. The decree ordered the defendant to convey his interest in the real estate to complainant within thirty days and in default thereof directed the master to make such conveyance, which gave this court jurisdiction of the appeal. The decree required the complainant to pay the unpaid bills for the improvement of the property and the household bills, the balance due on the piano, and her own solicitor's fee of $250 over and above $50 which had been paid by the defendant. The decree gave complainant the household property and awarded the Ford automobile to the defendant.

The first objection to the decree is that it was not warranted because the right to alimony was waived by the com-

plainant. On the hearing the complainant's solicitors said they were willing to waive the question of complainant's having alimony for herself, whereupon a stipulation was made as to existing liens, outstanding bills and debts of the defendants, and it was stipulated and agreed that if the allegations and prayer of the original bill and amended bill were not sufficient and broad enough to warrant the court in making a proper property settlement, both real and personal, between the parties, the allegations and the prayer of the bill and amended bill should be considered by all parties as sufficient to give the court power to make such division as it deemed proper. The waiver of personal alimony was only as to alimony in the ordinary sense of money payable in installments.

The usual and proper practice, unless special circumstances justify a different course, is to give to the wife an allowance, to remain under the control of the court, and not to vest the fee of real estate in her. If the wife has no other claim than that which arises from the marriage relation she should not be awarded the real estate of her husband in fee. (*Keating* v. *Keating,* 48 Ill. 241; *Ross* v. *Ross,* 78 id. 402; *Robbins* v. *Robbins,* 101 id. 416; *Shaw* v. *Shaw,* 114 id. 586.) The right and power of a court of equity to assign as alimony to the wife a part of the real estate of the husband in fee has been settled by numerous decisions. (*Stewartson* v. *Stewartson,* 15 Ill. 145; *Wheeler* v. *Wheeler,* 18 id. 39; *Jolliff* v. *Jolliff,* 32 id. 527; *Armstrong* v. *Armstrong,* 35 id. 109; *Dinet* v. *Eigenmann,* 80 id. 274; *Wilson* v. *Wilson,* 102 id. 297.) The power is properly exercised wherever special circumstances exist justifying such a decree. (*Bergen* v. *Bergen,* 22 Ill. 187; *Champion* v. *Myers,* 207 id. 308; *Armstrong* v. *Armstrong, supra; Wilson* v. *Wilson, supra.*) In this case the situation was somewhat unusual and there were special circumstances to be considered by the court. The property was bought by the husband and wife and was im-

proved as a home by their joint efforts and at the expense of both. The court might have given to the complainant a life estate in defendant's share of the property, to be held under the control of the court, as directed in *Keating* v. *Keating, supra,* and stated in other cases; but that would have caused complications, which can be readily seen, including the claims for mechanics' liens. The whole situation considered, it cannot be said that the court erred in giving the complainant the fee subject to payment of the liens, and, in addition, payment of a considerable sum for household bills, for which the defendant was liable.

It is thought by his counsel very unjust to turn the defendant out of his home to meet the vicissitudes of life with nothing but the clothes on his back and a Ford automobile. In some cases that would seem a hardship, but the defendant is receiving a very comfortable salary as assistant to the wire chief of the Western Union Telegraph Company in Chicago, and his condition will be much better than during the marriage, when, as he testified, his entire salary, with the exception of a small amount for car fare and for lunches, was given to the complainant and expended for the family.

Cross-errors are assigned on that part of the decree requiring the complainant to pay her own solicitor and not allowing her sufficient alimony to maintain her according to her station in life. Her ability to contribute toward her own support is to be taken into account, and she waived a personal allowance at the hearing, making claim only to the property. It does not appear that she has just cause for complaint.

The decree is affirmed.                    *Decree affirmed.*

Mr. JUSTICE DUNCAN, dissenting.