---

(No. 16023.—Reversed in part and affirmed in part.)
METHA ENGLER, Defendant in Error, *vs.* EDWARD ENGLER,
Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. FREEHOLD—*a suit to have part of real estate assigned as ali-
mony involves freehold.*  A court of equity may assign as alimony
to the wife a part or all of the real estate of the husband in fee,
and a bill filed for such purpose involves a freehold, and an appeal
from a decree dismissing such bill for want of equity should be
taken directly to the Supreme Court.

2. DIVORCE—*taking case to the Appellate Court waives right to
claim real estate as alimony.*  Where a bill for divorce and praying
an assignment of real estate as alimony is dismissed for want of
equity, the complainant, desiring to question the court's action in
denying the relief with respect to the real estate, should appeal
directly to the Supreme Court, and the right to raise such question
is waived by taking the case to the Appellate Court on assignments
of error on the question of granting the divorce.

3. PRACTICE—*Appellate Court cannot direct transfer of real es-
tate as alimony.*  On appeal to the Appellate Court from a decree
dismissing a bill for divorce and alimony, the Appellate Court, on
reversing the decree, may direct the entry of a divorce but cannot
order the transfer of real estate as alimony.

WRIT OF ERROR to the First Division of the Appellate
Court for the First District;—heard in that court on appeal
from the Superior Court of Cook county; the Hon. TIMO-
THY D. HURLEY, Judge, presiding.

WILLIAM T. CRILLY, (EDWARD J. KELLEY, of counsel,) for plaintiff in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Defendant in error, Metha Engler, filed her bill for divorce in the superior court of Cook county charging extreme and repeated cruelty on the part of plaintiff in error, Edward Engler, and asking that a certain house and lot purchased with their joint earnings and with funds received by her from her father, the title to which was held by her and plaintiff in error as joint tenants, and certain household furniture purchased with their joint earnings, be awarded to her. There was a decree dismissing the bill for want of equity and an appeal from that decree to the Appellate Court for the First District. The Appellate Court reversed the decree and remanded the cause, with directions to the superior court to grant the prayer of the bill, specifically directing it "to award her the entire interest in the real estate and improvements." The cause has been brought to this court by writ of *certiorari.*

The right and power of a court of equity to assign as alimony to the wife a part or all of the real estate of the husband in fee has been frequently declared by this court. (*Meighen* v. *Meighen,* 307 Ill. 306; *Champion* v. *Myers,* 207 id. 308.) Manifestly a freehold is directly involved in this suit, and if defendant in error desired to question the action of the superior court in denying to her the relief prayed with respect to the real estate her appeal should have been directly to this court. By taking the appeal to the Appellate Court and submitting the cause to that court on assignments of error which did not question the superior court's action respecting the real estate she must be held to have waived that question. (*Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188; *Poe* v. *Ulrey,* 233 id. 56.) The Appellate

Court being without jurisdiction to determine the question involving a freehold, that part of its judgment directing the award of the real estate in question to defendant in error is void.

On the question whether a decree for divorce should be granted, defendant in error testified that she was married in 1907; that since that time there have been frequent quarrels between her and her husband and she has been forced to leave home several times; that she returned each time and tried to live with her husband and conducted herself as a dutiful wife should; that her husband beat and mistreated her on many occasions; that about the middle of November, 1921, her husband kicked and beat and choked her; that about the first of December following he kicked and beat and choked her and attempted to push her out of a window; that she was sitting in a chair beside the window at the time he assaulted her; that she did not have shoes on her feet; that it was raining outside; that after he had assaulted her she ran out of the house and ran to her brother's home; that this took place about nine o'clock in the evening.

Defendant in error's testimony is corroborated by several witnesses. Dr. Ewald Weber testified that he was called to the home of Mrs. Emma Redmann some time after 8:00 P. M. about the first of December, 1921, and found defendant in error there in a highly nervous state; that she complained of pain in her neck and head; that he found abrasions and contusions on the neck, ear and scalp; that she was cold and wet. Mrs. Redmann testified that defendant in error is her sister-in-law; that after supper on the evening of December 1 defendant in error came screaming into her house; that there were bruises on her face and neck and a lump on her head. Magdelin Brown testified that she saw Mrs. Engler at Mrs. Redmann's home the evening Dr. Weber was called to treat her; that she saw her lying on a couch, apparently unconscious; that she was

313—34

in her stocking feet and her feet were wet and cold; that she saw scratches on her neck and ear and a lump on her head. Walter Engler, the thirteen-year-old son of the parties to this suit, testified that his father struck his mother in the face because she refused to make moonshine; that this occurred in the basement of their home about the middle of November; that on another occasion he saw his father take his mother by the neck and choke her and bounce her head against the wall; that he saw his mother when Dr. Weber treated her, and saw marks on her face and neck and head.

Plaintiff in error denied that he beat, choked and kicked his wife, but admits that about the middle of November he had a quarrel with her about making moonshine. He testified that he did not want her to make moonshine any longer and attempted to break the still which she had in the basement; that she tried to shove him away from the still and he did nothing but hold her. He further admitted that there was another quarrel between them about the first of December, and said that he came home from work and asked her to prepare his supper and that she threw a plate at him; that he grabbed her and set her down on a chair and that the chair broke and she fell against a window and broke it; .that she took her slippers off her feet and screamed and ran away from the house; that he did not know where she went, but heard that she went to the home of her brother.

From this recital of the testimony we think it clear that the decree of the chancellor is clearly against the weight of the evidence and that the Appellate Court properly reversed the decree. In so far as the judgment of the Appellate Court directs the superior court to award the real estate in question to defendant in error it is reversed and in all other respects it is affirmed.

*Reversed in part and affirmed in part.*