DORA BENNETT, Plaintiff in Error, *vs.* NORMAN D. MILLARD *et al.* Defendants in Error.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*question of existence of highway involves a freehold.* Whether highway commissioners, before making the final order vacating a portion of an old highway and laying out a new road, lost jurisdiction of the proceeding is a question involving the existence of the new road, and a freehold is therefore involved, which authorizes the case to be brought directly to the Supreme Court for review.

2. SAME—*when question of freehold is waived.* A question of freehold is waived by appealing to the Appellate Court and submitting the case to that court upon assignments of error embracing matters which that court has power to consider and determine, and such question cannot afterwards be urged in the Supreme Court.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. R. S. FARRAND, Judge, presiding.

RALPH E. EATON, for plaintiff in error.

FRANKLIN J. STRANSKY, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a petition for a writ of *certiorari* filed by Dora Bennett, the plaintiff in error, in the circuit court of Carroll county, to review a certain proceeding of the commissioners of highways of the town of York, in that county, vacating a portion of a public highway in that town and laying out a new road in lieu of the portion so vacated. Defendants in error made return to the writ issued, and thereafter, upon inspection of the record, the court entered a judgment quashing the writ and dismissing the petition. That judgment has been affirmed by the Appellate Court for the Second District, and the case has been brought to this court by writ of error.

The motion of defendants in error to dismiss the writ is without merit and will be denied. The theory of plaintiff in error is, that before making the final order vacating a portion of the highway and laying out a new road in lieu of the portion vacated, the highway commissioners lost jurisdiction of the proceeding and that such order is for that reason void. The question of the existence of the new highway involved a freehold, and the Appellate Court was without jurisdiction of the case so far as that question was concerned. The record should have been brought directly from the trial court to this court. The assignments of error upon which plaintiff in error submitted the cause in the Appellate Court included one which presented a question which that court might lawfully consider, and by so submit-

ting the cause plaintiff in error waived or abandoned the assignments of error which involved a freehold. (*Town of Scott* v. *Artman,* 237 Ill. 394, and cases there cited.) The assignments so waived or abandoned are the only.ones which have been presented in this court by the brief and argument of plaintiff in error. Such being the condition of the record there must necessarily be an affirmance.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*