Fenton W. Booth et al., Appellees, v. The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. APPEALS AND ERRORS—*when freehold not involved. Held,* in an action of trespass involving real estate, that in the absence of a plea of *liberum tenementum,* a freehold was not involved.

2. APPEALS AND ERRORS—*when errors considered notwithstanding freehold may be involved.* If all of the issues in a cause do not involve a freehold and errors are assigned some of which do and some do not involve a freehold, the Appellate Court will consider that the appellant by appealing to the Appellate Court has waived any question of freehold which may have been involved and will consider the remaining assignments.

Action in case. Appeal from the Circuit Court of Clark county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed June 4, 1910.

CONGER & CONGER, for appellant; L. J. HACKNEY, FRANK L. LITTLETON and GOLDEN & SCHOLFIELD, of counsel.

A. G. POORMAN and DAVISON & BARTLETT, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The declaration in this case contains three counts. The first count alleges, that whereas, the defendant was in possession of certain described premises as tenant of the plaintiffs, it wrongfully contriving etc. to injure the plaintiffs in their reversionary interests therein, while the same were in the possession of the defendant as aforesaid, on, to wit: July 17, 1907, wantonly tore down, demolished and carried away

76        'APPELLATE COURTS OF ILLINOIS.

Booth v. Cleveland, C. C. & St. L. R. Co., 156 Ill. App. 75.

a frame depot of the value of $1000, then and there being on said premises and converted the same to its own use. The second count alleges that as the defendant was seized of the same premises under and pursuant to a certain deed therefor, therein set forth *in haec verba,* executed and delivered by Lyman and Fayette A. Booth to the Danville and Southwestern Railroad Company, whereby the defendant became bound to use and occupy said premises for railroad depot purposes, and upon ceasing to so use and occupy said premises the same were to at once revert to the said Lyman Booth, his heirs and assigns; that said Lyman Booth afterwards died without assigning said premises, and the plaintiffs are his only children and heirs at law; that on or about July 17, 1907, the defendant ceased to use and occupy said premises for said railroad depot purposes, and afterwards tore up and removed its railroad tracks leading thereto, whereupon plaintiffs caused a notice to be served upon said defendant that they had elected to assume their rights under said deed and demanding immediate possession of said premises; that the defendant notwithstanding its agreements and covenants in said deed contained continued in possession of said premises as tenant by its own wrong and at the sufferance of plaintiffs and contriving wrongfully and wilfully to injure the plaintiffs in their reversionary estate and interest in and to said premises, did, on the day aforesaid and on divers other days thereafter, wrongfully and wilfully tear down and destroy a certain frame building thereon formerly used for railroad depot purposes of the value of $1000, and carried away and converted the same to its own use, etc. The third count alleges that on, to wit: July 17, 1907, the defendant with force and arms entered the close of the plaintiffs, being the premises before described, and then and there tore down and destroyed a certain frame building thereon of the value of $1000, and carried away and converted the same to its own use, etc. To this declaration the defendant pleaded the general issue. The cause was tried by the court without a jury upon a stipulation of facts, as follows:—

"First, on the 18th day of December, A. D. 1879, Lyman

Booth and Fayette A. Booth, his wife, executed, acknowledged and delivered to the Danville and Southwestern Railroad Company of the State of Illinois, a deed for certain lands therein described, which said deed is in the words and figures following, to wit:—

" 'The grantors, Lyman Booth, and Fayette A. Booth, his wife, of Marshall, Illinois, for and in consideration of the advantage which may arise to them by reason of the erection and maintenance of a depot landing on the premises hereinafter described, as well also the sum of one dollar in hand paid, do hereby convey and warrant to the Danville and Southwestern Railroad Company of the State of Illinois, the following described premises, to wit: Lot Three (3), in Block Thirty-seven (37) in the original Town of Marshall, in Clark County, Illinois, and it is expressly agreed between the said grantors and grantee that in case said premises shall cease to be used and occupied by said grantee, its successors and assigns, for railroad depot purposes, then the title to the same shall revert to the said Lyman Booth, his heirs and assigns and that such right of reversion is a part of the consideration of this conveyance. Dated this 18th day of December, A. D. 1879.

LYMAN BOOTH     (Seal)
FAYETTE A. BOOTH     (Seal)

Acknowledge before Harrison Black December 18th, 1879. Filed for record Jan. 5th. 1880.'

"Second, that the said Danville and Southwestern Railroad Company took possession of said premises, built thereon a depot building during the year 1880 and remained in possession thereof and used the same as a depot building until about the year 1889, at about which time the defendant in this case, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company succeeded in a legal manner to the rights and duties of the said Danville and Southwestern Railroad Company of the State of Illinois and continued to use said premises and said building as depot premises and building up to the time when the present controversy between the plaintiff and the defendant began as hereinafter set forth.

"Third, that in the summer of 1907 the said defendant Company made a new track for its railroad through Marshall, Illinois, in the neighborhood of one half mile east of the old

78 APPELLATE COURTS OF ILLINOIS.

Booth v. Cleveland, C. C. & St. L. R. Co., 156 Ill..App. 75.

depot, erected there a new depot building and on the 17th day of July, A. D. 1907, removed the business of the railroad from the said old depot building to the new and has continued to occupy the new depot building ever since.

"On the 17th day of July, A. D. 1907, Edwin Booth, N. T. Booth and Fenton W. Booth, children and only heirs of Lyman Booth and Fayette A. Booth, the grantors in the aforesaid deed, and both deceased prior thereto, caused the following notice to be served upon H. A. Newberry, the station agent of the said defendant at Marshall, Illinois, by delivering to him a true copy of the same, which is in words and figures as follows:

'To the Cleveland, Cincinnati, Chicago and St. Louis Ry. Co., And to whom it may concern:—

'You are hereby notified that in consequence of abandonment and cessation to use and occupy the premises now occupied by you as a depot landing the station of said company as provided in the deed of Lyman Booth and Fayette A. Booth, his wife, to the Danville and Southwestern Ry. Co. and recorded in the recorder's office of Clark County, Illinois, in Volume 25 of Deeds on page 211, being Lot three (3), in Block thirty-seven (37), in the original town (now city) of Marshall, Illinois, the undersigned heirs of Lyman Booth, deceased, grantor aforesaid, have elected to declare a forfeiture of your right and title to said premises, and we hereby demand the immediate possession of the premises aforesaid.

'You are further notified that we claim the full title and ownership of all buildings erected and now situated on said premises and you are hereby notified and ordered not to remove, destroy or injure the same in any way or manner.

'Dated at Marshall, Illinois, this 17th day of July, A. D. 1907.

'By DAVISON & BARTLETT,

Their Attorneys.

EDWIN BOOTH,
N. T. BOOTH,
FENTON W. BOOTH.'

"Fourth, that the track by this original depot building from the south connecting with the new line was finally torn up past the depot the day before the building was destroyed

which depot was torn down on the 13th day of November, A. D. 1907.

"Fifth, that on the 13th day of November, 1907, an extra crew of carpenters working for the defendant, appeared to tear down said building and remove the same upon which the plaintiffs caused the following notice to be delivered by the constable to J. Toops in charge of said crew, which is in words following, to wit:

'State of Illinois  ⎰ ss
County of Clark    ⎱

'To the Cleveland, Cincinnati, Chicago & St. Louis Ry Co.

'You are hereby notified that the undersigned claim to be the owners in fee of Lot three (3), Block 37 in the original town (now city) of Marshall, Illinois, and that the property and buildings belong to them.

"You are further notified that the undersigned have caused a suit in forcible entry and detainer to be commenced before Benson Martin, a Justice of the Peace, in and for the County of Clark and State of Illinois, for possession of said premises and will take such other steps as may be necessary to procure their rights therein and you are hereby notified and commanded to stop tearing down and razing the building on said lot, and that in event you shall so proceed to tear down and demolish the same an action will be brought in the Circuit Court of the proper county to recover the value thereof.

'Dated at Marshall, Illinois, this 13th day of November, A. D. 1907.

'By Davison & Bartlett,
    Their Attorneys.

Edwin Booth,
Fenton W. Booth,
N. T. Booth.'

"That said crew thereupon tore down and removed said building.

"It is agreed that said building at the time it was removed was worth $350.

"Sixth: It is further stipulated, that after the office of the station was removed from the old depot to the new depot on the 17th day of July, 1907, the depot was not used for loading or unloading passengers or freight. That a short time prior to the 11th day of November, 1907, a certain crew

80        APPELLATE COURTS OF ILLINOIS.

Booth v. Cleveland, C. C. & St. L. R. Co., 156 Ill. App. 75.

of laborers began tearing up the remaining portion of said
track by the old depot, and deposited therein their tools,
whereupon the plaintiffs commenced a suit in Forcible Entry
and Detainer against defendant before Benson Martin, a
Justice of the Peace, which suit was begun on the 11th day
of November, 1907, the summons returnable on the 16th day
of November, 1907.

"That one, H. A. Newberry, was the station agent of the
defendant at Marshall, Illinois, and that when he as such
station agent removed from the old to the new depot on July
17, 1907, he left in the old depot some of the old records
of the defendant's business, together with a few boxes of un-
claimed freight, which boxes were a few days before the old
depot was torn down, removed to the new depot, and the old
records were burned and destroyed at the same time. He, as
such agent, retained the key of the old depot building, and
kept such building locked until it was torn down, when he
sent such key in the office of the defendant at Mt. Carmel,
Illinois.

"The old depot building was torn down November 13th,
1907. The material was hauled down to the new depot, and
used by the defendant company, part in erecting oil house
and privy at Marshall, Illinois; part in Paris, Illinois, in
making water tank, and part in Ernest, Illinois, and balance
at other places on the line."

The trial resulted in a finding and judgment against the
defendant for $350, to reverse which judgment the defendant
prosecutes this appeal.

It is suggested on behalf of the plaintiffs that this appeal
is improperly taken to this court because a freehold is in-
volved. If the defendant had filed the plea of *liberum ten-
ementum* and issue had been joined on such plea a freehold
would have necessarily been involved. Weidner v. Lund,
105 Ill. App. 454; I. C. R. R. v. Hatter, 207 Ill. 88. De-
fendant however did not file such a plea. Furthermore, some
of the errors assigned upon the record embrace matters which
this court has jurisdiction to consider and determine, and
the defendant by appealing to this court must be held to
have waived any question of freehold which may have been

Booth v. Cleveland, C. C. & St. L. R. Co., 156 Ill. App. 75.

involved in the propositions submitted to the trial court. Bennett v. Millard, 239 Ill. 332.

The first proposition of law submitted by the defendant to be held as the law of the case and which was so held by the trial court is, as follows:

"The court holds as a matter of law that if the business of the public required the defendant to construct a new depot at a place other than the one mentioned in the deed of Booth and wife to the Danville & Southwestern Railway Company of date December 18, 1879, and to abandon the use of the said depot grounds in said deed mentioned, that then the said defendant had the right to remove all its property of any and every kind from the said depot grounds in said deed mentioned, at any time before it abandoned said grounds or within a reasonable time thereafter."

Applying the law as held by the court in the proposition submitted by the defendant to the facts as stipulated, the finding and judgment of the trial court was not unwarranted. By this proposition the right of the defendant to remove the building in question was made to depend upon whether or not such building was removed before defendant abandoned the premises or within a reasonable time thereafter, and the court was clearly justified in finding that the defendant after it abandoned the premises had permitted an unreasonable length of time to elapse before it removed the building. The contention of defendant that by using the building upon the premises for the storage of unclaimed freight and some valueless records it was using the same "for railroad depot purposes" within the meaning of the deed, does not merit serious discussion.

Within the jurisdiction of this court to consider and determine the questions raised upon this record, there is no error therein, and the judgment will be affirmed.

*Affirmed.*