(No. 12673.—Decree affirmed.)
MARY JANE SCOTT *et al.* Defendants in Error, *vs.* STUART SCOTT, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. PRACTICE—*a question cannot be argued for the first time on rehearing.* In a suit for partition it cannot be argued for the first time on rehearing in the Supreme Court that a former decree in partition, on which the present proceeding is based, was void because the executor and trustee under a will disposing of the property was not made a party to the former suit.

2. PARTITION—*prospective heirs of living person may be represented by trustee.* Where a testator devises his property to a trustee, who is directed to divide the income between two devisees and after their death sell the land and pay the proceeds to the heirs of the devisees in the same proportions, but the devisees elect to take the land, the children of a living devisee, or any persons who might be called her heirs after her death, may be represented in a partition proceeding by the trustee and need not be made parties to the suit in person.

3. SAME—*decree in a former partition suit is prima facie evidence in subsequent suit.* In a suit for partition which is based upon a decree in a former suit and seeks a further partition of the same land, the former decree is *prima facie* evidence of the facts found therein, even against strangers to the decree, and is *prima*

*facie* proof of the truth of the bill in the subsequent proceeding, but the facts found are not irrebutable.

4. SAME—*children of deceased mortgagor are estopped to assert title against mortgagee.* Children of a deceased mortgagor, who as heirs are parties to a suit to partition the mortgaged property, are estopped from asserting, as against the mortgagee, any title which they obtained through their father.

5. EVIDENCE—*what is prima facie evidence.* Prima facie evidence is proof sufficient for all purposes to establish the existence of a fact alleged unless contradicted by other evidence.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

T. W. HOOPES, and J. W. TEMPLEMAN, for plaintiff in error.

EDWARD P. BROCKHOUSE, for defendant in error Mary Jane Scott.

WILSON & BUTLER, for defendant in error Marie C. Mason, Admx.

Per CURIAM: This was a bill for partition filed in the circuit court of Sangamon county by defendant in error Mary Jane Scott. After the pleadings were settled the cause was referred to a master to take proof, and he reported the evidence, recommending that the prayer of the bill be allowed, and a decree for partition was entered in accordance with the report. From that decree this writ of error was sued out by Harold Scott, Florence Scott, Francis Scott and Stuart Scott, minor defendants, by next friend.

The original bill was filed August 19, 1918, and alleged, among other things, that Samuel Javins died in 1893 seized in fee of 80 acres of land (describing it) in Sangamon county. After the filing of the bill, by leave of court an amendment was filed bringing in 260 additional acres of land in said county. The bill as amended alleged that Javins owned the 340 acres of land at his death and by will

devised the same to F. H. Wemple as executor and trustee, to be sold and the proceeds divided among the devisees named in the will; that the will was duly probated in the county court of Morgan county; that thereafter the children, heirs and devisees of Javins elected to take the land in kind, and that said premises, together with other land owned by Javins at his decease, were partitioned by a decree of the circuit court of Sangamon county, and by the decree the 340 acres of land described in the amended bill were set off to complainant, Mary Jane Scott, and her only child, Harry E. Scott; that Harry died intestate February 2, 1912, leaving surviving a widow and four children, all minors, viz., Harold, Florence, Stuart and Francis; that the estate of Harry had been administered and debts paid; that his widow, Rachel Scott, had since departed this life; that the complainant and her son on December 29, 1911, executed a mortgage to William H. Mason covering the 340 acres to secure a note of $14,000, and that said note is owned and held by Marie C. Mason, administratrix of the estate of William H. Mason, deceased; that subject to the mortgage lien of the administratrix and to the rights of S. Gentry as tenant on said land under a lease expiring March 1, 1919, complainant was seized of an undivided one-half of the 340 acres, and that Francis, Harold, Stuart and Florence Scott are each seized of an undivided one-eighth of the 340 acres. A guardian *ad litem* was appointed for the four minor Scott children, who filed an answer. Marie C. Mason, administratrix, was made a defendant and answered, substantially admitting the principal allegations of the amended bill, and she in her own right also filed a cross-bill, setting out in detail her claims under the $14,000 mortgage. The guardian *ad litem* for the minor Scott heirs filed an answer to the cross-bill, and the cause was referred to a master to take the evidence and report to the court. The master found the facts substantially as alleged in the amended bill as supplemented by the cross-bill, and that

the rights and interests of the parties were substantially as alleged therein. The court then entered a decree for partition in conformity with the master's findings. 'The errors assigned were (1) that the decree was void because the summons did not state the nature and character of the action; (2) that the decree was void because no summons was issued and served on the defendants after the bill was amended to include additional land; (3) that the return of the sheriff of service on Florence and Stuart Scott was insufficient to confer jurisdiction of them; (4) that the court did not acquire jurisdiction of defendants because the summons was not returned on or before the return time of court; (5) that there was no competent evidence to show complainant and Harry Scott were the owners of the land; (6) that there was no issue on the amended bill because the guardian *ad litem* did not answer it; (7) that there was no evidence that all the devisees of Samuel Javins elected to take the land instead of the proceeds of its sale. An opinion was filed by this court in October, 1920, affirming the decree. On the petition of plaintiffs in error a rehearing was granted at the December term. Since that time, on account of a great number of motions and a plea of release of errors, the case was continued from term to term. In the meantime all the plaintiffs in error except Stuart Scott became of age, and Florence filed a disclaimer and refused to further prosecute the writ of error. Issues of fact were joined on the plea of release of errors as to Harold and Francis Scott, and on that issue the case was referred to a commissioner to take and report the testimony without his conclusions. On the hearing on that issue the plea was sustained and the writ of error dismissed as to Harold and Francis Scott, which left Stuart Scott the sole plaintiff in error. (*Scott* v. *Scott,* 304 Ill. 267.) Since our original opinion was filed the alleged error in the return of service made by the sheriff has been obviated by an amendment by proper proceeding in the circuit court and the fil-

ing in this court of a supplemental record showing such amendment.

It is claimed by counsel for plaintiff in error that some facts not shown by the record should be before the court in order to obtain a fair consideration on the legal questions involved. They assert in their brief that Samuel Javins, the father of Mary Jane Scott, grandfather of Harry E. Scott and great-grandfather of plaintiff in error, died testate, and his will was admitted to probate in the county court of Morgan county and a copy of the same was filed in Sangamon county; that at the time of his death he was the owner of not only the 340 acres here involved but of other land, making about 700 acres, all told, in Sangamon county; that he left two daughters, the complainant, Mrs. Scott, and Martha E. Coe; that by his will he devised the 700 acres of land to F. H. Wemple, trustee, in trust, to rent the same and pay the income to Mrs. Scott and Mrs. Coe during their lives, Mrs. Coe to receive two-fifths of the net income and Mrs. Scott three-fifths, and on the death of the one first dying to continue the payment of her share of the income to her children, and upon the death of both Mrs. Scott and Mrs. Coe to sell the 700 acres and divide the money, three-fifths to the heirs of Mrs. Scott and two-fifths to the heirs of Mrs. Coe; that in 1910 a bill for partition was filed in Sangamon county and Wemple, the trustee, was made defendant, and thereafter a demurrer was filed and sustained to the bill; that later another bill was filed and a decree for partition was entered in 1911 in the circuit court. Counsel for plaintiff in error state that this last decree as to the partition of the land was a consent decree, while counsel for the heirs insist that it was not a consent decree but was vigorously contested by the trustee. It appears that by the decree the 340 acres of the land was set off in fee simple to Mrs. Scott and her son, Harry, and other land was set off to the descendants of Mrs. Coe; that thereafter $14,000 was borrowed by Mrs.

Scott and her son from William H. Mason and a mortgage given on the land set off to them to secure it. Counsel for plaintiff in error assert that the original partition of the land and the so-called consent decree were high-handed proceedings, which deprived the minor Scott children of certain interests they had in the land so partitioned, while counsel for defendants in error just as earnestly assert that the proceeding for the original partition was regular in every way, and that there is nothing to show that the decree was by consent but rather that it was entered after a hearing, as a matter of law and right, before the late Judge Creighton as circuit judge, and that there is no justification for claiming that it was in any way collusive or deprived anyone of his legal or equitable rights. The original decree for partition was introduced on the hearing of this proceeding, and we shall have occasion to refer to it later.

In the petition for rehearing the only points urged why the opinion of this court was wrong related to the decree for the original partition in 1911 and the sheriff's return of summons. Any defect that may have existed as to the return has been cured, and the principal question left for decision is the effect of the decree of 1911. For the first time plaintiff in error in the petition for a rehearing raised the objection that Wemple, the trustee under the will of Javins, was not a party to the suit in which the partition decree of 1911 was entered, and it is argued as plaintiff in error was not a party and the trustee was not a party, plaintiff in error is not bound by that decree. In the original brief of plaintiff in error he says Wemple was made a defendant to a bill for partition filed in 1910, which he says (but that is not shown by the record) was dismissed on demurrer and another bill filed the same year, under which the partition decree was entered. The brief does not say Wemple was or was not a party to that suit, but it is stated that after the decree was entered, "Wemple, the trustee, apparently ceased to function as trustee." It was nowhere in the

original brief alleged he, as trustee, was not a party to the suit. The argument was that the decree of 1911 was not competent because plaintiff in error was not a party to the suit; that the decree was a consent decree and could not bind plaintiff in error if he had been a party, and that it did not prove the title of Mary and Harry Scott. We might appropriately decline to consider the question first brought to our notice by the petition for a rehearing under the rule that a new contention cannot be first urged in a petition for a rehearing. (*Gaines* v. *Williams,* 146 Ill. 450; *Conductors' Benefit Ass'n* v. *Leonard,* 166 id. 154; *Matthews* v. *Granger,* 196 id. 164.) But the point is not well taken even if raised in apt time. Wemple was a party to the suit and was duly served with summons and filed an answer to the bill. He had no interest in the litigation except in a representative capacity. The decree recites Javins named Wemple as sole executor to execute the will; that he qualified and has ever since acted as such; that as executor he had leased a portion of the land to tenants. The decree allows "F. H. Wemple, as trustee under such will," $1000 solicitor's fee for "services rendered by his solicitor, M. T. Layman, with respect to the interpretation of the will involved in this case," said fee to be taxed as costs against complainants. The decree ordered Wemple, "as executor of the estate of Samuel Javins, deceased, to surrender possession of the land to the parties to whom it was assigned and set off, and that he be relieved and discharged from any further right, duty or responsibility with respect to the land." We think the decree clearly shows Wemple was a party to the suit in his representative capacity. It abundantly appears the decree was not a consent decree.

Counsel for plaintiff in error further argue that the findings of the decree as to the owners of the various interests in the land in question cannot be sustained because the evidence does not support the finding, in that the will of Samuel Javins was not offered in evidence. It appears from

the abstract that the decree in the partition proceedings that was entered in 1911 was offered and received in evidence on this trial. A transcript of the decree in full has by leave been filed as part of the record in this case, and the findings of that decree are in accord with the findings of the decree in this case as to the various interests owned by all the parties to the proceeding. What we said in our former opinion on the effect of this decree of 1911, and which we still adhere to, is as follows: "Counsel for plaintiffs in error argue that they are not bound by the partition decree entered in 1911 because plaintiffs in error were not parties thereto. Plaintiffs in error are the grandchildren of the original complainant in this proceeding, Mary Jane Scott, and claim an interest in the premises in question, or the proceeds derived from the same, by virtue of the will of Javins, which counsel for plaintiffs in error urge they are entitled to under the will as heirs of their grandmother, Mrs. Scott. They claim, therefore, an interest as the heirs of a living person, and as her heirs cannot be ascertained until her death, their interest until her death must, at the most, be contingent on their surviving her. In such a case, under the law, it would not seem necessary that they be made formal parties to the original decree of 1911, for it would be impossible to make all persons who might answer the description of heirs of Mrs. Scott formal parties to such proceeding, as it could not be ascertained until her death who were her heirs. Plaintiffs in error, as well as any other persons who rightly might be called the heirs of Mrs. Scott after her death, were represented in that proceeding by the trustee, and are therefore bound by that decree the same as if they were made parties thereto in person. (*Temple* v. *Scott,* 143 Ill. 290; *McCampbell* v. *Mason,* 151 id. 500; *McFall* v. *Kirkpatrick,* 236 id. 281.) The decree in the partition suit entered in 1911 is *prima facie* evidence of the facts found, even against strangers to the decree. (*Delano* v. *Bennett,* 90 Ill. 533; *Whitman* v. *Heneberry,*

307–38

73 id. 109.) No evidence is found in the record that in any way contradicts the finding of that decree or the finding of the decree in this proceeding as to the interests of the parties. Moreover, the decree in this proceeding finds that the allegations of the cross-bill are true and directs the payment of the amount found to be due defendant in error, Marie C. Mason, administratrix of the estate of William H. Mason, deceased. The bill alleged the making of a note and mortgage by Harry E. Scott and his mother, Mary Jane Scott, and the death of Harry leaving plaintiffs in error him surviving. The mortgage was introduced in evidence, in and by which Harry E. Scott warranted the premises to William H. Mason. The plaintiffs in error, being the children of Harry E. Scott, are estopped from asserting, as against the mortgage, any title which they obtained through their father.—*Rigg* v. *Cook,* 4 Gilm. 336; *Ashley Wire Co.* v. *Illinois Steel Co.* 164 Ill. 149; *Towle* v. *Quante,* 246 id. 568."

Counsel further contend that even if the decree of 1911 was *prima facie* evidence of the facts found therein it was not sufficient as against plaintiff in error, who is a minor; that as against minors the proof must be strict. Counsel cite cases holding a decree *pro confesso* cannot be entered against a minor without proof of the allegations of the bill. Such decisions are not applicable. The decree of 1911 was at least *prima facie* proof of the truth of the bill in this case. (*Gage* v. *Goudy,* 141 Ill. 215.) True, it was not irrebuttable, but it stands uncontradicted. *Prima facie* proof is sufficient to establish the existence of a fact alleged for all purposes unless contradicted by other evidence. (Jones on Evidence, sec. 7; 17 Cyc. 734.)

No sufficient reason is shown why the decree of the circuit court should be reversed, and it is affirmed.

*Decree affirmed.*