(No. 32930.— No. 33006—

ARTHUR RONALD LAMBERT FIELD TREE, Appellant, *vs.* JACK DEMAR *et al.,* Appellees.—ARTHUR RONALD LAMBERT FIELD TREE *vs.* CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO *et al.,* Appellees.—(PENELOPE TREE *et al.,* Appellants.)

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

VERNON R. LOUCKS, of Chicago, (CHARLES O. LOUCKS, and JAMES L. HENRY, of counsel,) for appellant Arthur Ronald Lambert Field Tree, and DANIEL J. LAMONT, of Chicago, (JOHN J. KENNELLY, of counsel,) guardian *ad litem* and trustee, for appellants Penelope Tree *et al.*

WILSON & McILVAINE, and MAYER, MEYER, AUSTRIAN & PLATT, both of Chicago, (CALVIN F. SELFRIDGE, SHERWOOD K. PLATT, and GEORGE E. HALE, of counsel,) for appellee Continental Illinois National Bank and Trust Company; CLARENCE J. BASSLER, EDWARD B. HAYES, LORD,

BISSELL & KADYK, REUBEN E. SWANSON, and ROY R. BARR, all of Chicago, and ARTHUR CROWNOVER, JR., of Nashville, Tenn., and CHARLES H. STEPHENS, JR., of Cincinnati, O., for appellees Michael Lambert Tree *et al.;* and LAWRENCE J. HAYES, of Chicago, (ARTHUR B. BURKE, of counsel,) guardian *ad litem* and trustee, for other appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a consolidation of two appeals to this court, involving identically the same background of facts and depending ultimately upon the same determination of the Appellate Court, First District. Cause No. 32930, Tree v. DeMar, comes here on appeal from the circuit court of Cook County, which court refused to follow the recommendation of the examiner of titles of Cook County, and entered a decree finding that the applicant, Ronald Tree, did not have equitable title to the real estate in question and dismissed his application for registration under the Torrens Act.

In the other cause, Tree v. Continental Illinois National Bank, No. 33006, the guardian *ad litem* and trustee for persons not in being appeals, as a precautionary measure only, from the decree of the superior court of Cook County approving a "family settlement agreement." By this decree Ronald Tree, *cestui* for life of a trust created by the will of his grandfather, was granted $535,000 in cash and $65,000 in specified real estate on his petition for approval of the "family settlement agreement."

Lambert Tree, a resident of the city of Chicago, died testate on October 9, 1910. By his will and two codicils thereto he devised and bequeathed the residue of his estate to Arthur M. Tree, his son, The Merchants Loan and Trust Co. and Seymour Morris, and to the survivor or survivors in trust as trustees. Ronald Tree, son of Arthur M. Tree, and the Continental Illinois National Bank and

Trust Co., hereinafter referred to as the bank, are the present successors in trust. The net income of the trust was directed to be paid to Arthur M. Tree until Ronald Tree reached the age of 30 years, and thereafter one-fourth of the net income to Ronald Tree and the remaining income to Arthur M. Tree. Upon the death of Arthur M. Tree the net income was directed to be paid to Ronald Tree and any other child or children of Arthur M. Tree born in lawful wedlock and their survivors. The trust was directed to be terminated at the expiration of 20 years after the death of the last survivor of Arthur M. Tree and his children born in lawful wedlock and prior to testator's decease. The trustees were then to divide the *corpus* into two equal parts, one part to go to the lawful issue of Arthur M. Tree *per stirpes,* and the other share to St. Luke's Hospital of Chicago.

A short summary of the litigation involving the trust and Ronald Tree and preceding the two causes consolidated in this appeal will no doubt be helpful in an understanding of the facts presented in this proceeding. The first action, Tree v. St. Luke's Hospital, was filed by Ronald Tree in the circuit court of Cook County on May 7, 1948. In the complaint he alleged that the will of Lambert Tree violated the rule against perpetuities and prayed a decree that all property in the trust estate pass as intestate property to himself. He therein filed a petition for approval of a "settlement agreement" for $750,000 from the *corpus,* which he later abandoned and it was dismissed by the court. Ronald Tree then moved to dismiss this entire action but his motion was denied and hearing had. On May 2, 1950, the court decreed the will valid and dismissed the complaint for want of equity. Plaintiff appealed to this court alleging only procedural errors, and his appeal was transferred to the Appellate Court. That court upheld the decree of the circuit court and leave to appeal was denied by this court.

On May 3, 1950, Ronald Tree instituted his second action by filing in the superior court of Cook County a suit in chancery to construe the will of Lambert Tree. He sought construction to compel the trustees to distribute to him an unspecified sum from the *corpus* of the trust in order to maintain his position in life, to purchase a home, and to enter into business, for the alleged reason that his grandfather intended his grandson's station in life to be one of aggression, action, force and influence. Daniel J. Lamont was then appointed guardian *ad litem* for Penelope Tree, the minor child of Ronald Tree, and the minor collateral heirs of Lambert Tree, and trustee for persons not in being. The guardian *ad litem* and the bank, as cotrustee, opposed any distribution of *corpus*. Plaintiff's adult children and numerous collateral adult heirs denied Ronald Tree was entitled to any relief but later consented to the payment of $600,000 to him from the *corpus* of the trust. In this case, known as Tree v. Rives, the superior court decreed on August 2, 1950, that the trustees distribute $600,000 from the trust *corpus* to Ronald Tree. On June 18, 1952, the Appellate Court reversed this decree, and this court denied leave to appeal.

On August 11, 1950, Ronald Tree filed a complaint in chancery in the superior court of Cook County, praying the court to instruct the bank and himself, as trustees, whether there was any duty upon them to appeal from the superior court decree in the case of Tree v. Rives. This third action is denominated Tree v. Continental Illinois National Bank, No. 33006, and is one of the causes consolidated in this appeal. This complaint further prayed that if the taking of such appeal was a matter of discretion to be exercised by disinterested trustees, then a third trustee be appointed to act with the bank.

Subsequently, on January 18, 1951, all adult persons having any equitable interest in the estate of Lambert Tree filed a petition in this third action praying that the court

approve a "family settlement agreement" attached thereto. This agreement provided that $535,000 in cash be paid to Ronald Tree and certain specified real estate valued at $65,000 be transferred to him. All of the payments under the agreement were to be made out of the trust *corpus,* and in full settlement of the claims of Ronald Tree. St. Luke's Hospital was not a party to the agreement.

The superior court found that it had jurisdiction of the parties and subject matter of the cause, that all parties having an equitable or legal interest in the estate of Lambert Tree, under or pursuant to his will and the codicils thereto, had been made parties, and decreed approval of the settlement agreement, and directed the sum of $600,000, represented by $535,000 in cash and $65,000 in specified real estate, be paid and transferred to Ronald Tree. It was further decreed that, upon the distribution of the *corpus* at the termination of the trust, $600,000 be charged to the share of the issue of Arthur M. Tree and be first paid to St. Luke's Hospital out of the trust *corpus* before it is divided into equal shares.

The bank, as cotrustee, appealed to the Appellate Court, First District, contending (1) that the will is free from doubt or uncertainty, and provides no basis for the contention that the trust violates the rule of perpetuities, (2) that a family settlement agreement cannot be employed in the instant case to overturn the clear intent of the testator in the creation of the spendthrift trust, (3) that Ronald, the cotrustee, cannot, by bringing the three separate actions referred to and by the employment of special counsel to render an opinion, create a substantial doubt as to the validity of the trust provisions, and thereby furnish the basis for a family settlement from which he is to personally obtain substantial benefit, and thus overturn the will and intention of the testator therein expressed, and (4) that the trial court was without jurisdiction of the subject matter because of the pendency of an appeal in the Appel-

late Court from the decree in the second action, construing the will and awarding Ronald $600,000 from the trust *corpus*.

The Appellate Court found that to confirm the family settlement agreement would result in abrogating the spendthrift provisions of the trust and would terminate the trust before its purposes had been accomplished. Hence the Appellate Court reversed the decree of the superior court.

Ronald Tree then filed a petition for rehearing alleging for the first time that the cause involved a freehold and therefore the Appellate Court had no jurisdiction and its judgment of reversal was void. On April 25, 1952, the Appellate Court, in an additional opinion, found that no freehold was involved, and denied the petition for rehearing.

On August 11, 1952, Ronald Tree filed an application for initial registration of title to land, in the circuit court of Cook County, for the purpose of registering title to the real estate specified in the settlement agreement in his name. This application is the basis for the other cause here appealed, Tree v. DeMar, No. 32930. The bank made answer to the application, denying that Ronald Tree was entitled to have any registered title to the described real estate. Lawrence J. Hayes was appointed guardian *ad litem* and trustee for unborn persons in that court, and he answered denying Ronald Tree's right to registration of title.

The examiner of titles recommended that a decree be entered in pursuance of the prayer of the petition, and that fee-simple title to the specified lands be confirmed in Ronald Tree, and his title registered. Objections were filed to the report of the examiner and were overruled by him. Thereafter the circuit court allowed the objections to stand as exceptions to the report. On March 24, 1953, the court entered its decree finding it had jurisdiction of the parties and subject matter and dismissed the application for want of equity, basing its dismissal on the fact that the Appellate Court in the case of Tree v. Continental Illinois Na-

tional Bank had jurisdiction of the parties and subject matter, and had properly found no freehold to be involved. Since the applicant relied for his title on the decree of the superior court which was reversed by the Appellate Court, the circuit court held that Ronald Tree had no claim to title.

Ronald Tree here urges that a freehold was involved in the decree of the superior court of Cook County in the case of Tree v. Continental Illinois National Bank, and in the appeal to the Appellate Court. Hence he contends that the Appellate Court had no jurisdiction of the appeal and that its reversal of the superior court decree is *coram non judice,* void, and ineffectual for any purpose. The Appellate Court decree being void, he concludes that the superior court decree is in full force and effect, the cash settlement decree is binding, and he has equitable title to the specified real estate.

The cause of action upon which this appeal is grounded arises from the petition for approval of the family settlement agreement. Petitioners prayed that a hearing be had and a decree be entered approving and confirming the agreement, that the guardian *ad litem* be authorized to execute said agreement, and the cotrustees be directed to comply with the said agreement. The guardian *ad litem* answered, raising every question and defense of the rights of the minors and unborn persons, and demanding strict proof of all matters alleged in the petition. The bank, as cotrustee, answered denying that any controversy existed between the petitioning parties, denying that its attorneys have refused to participate in efforts to settle the issues that may exist, denying there were any issues which were controversies constituting a proper basis for settlement, denying that the court should approve the agreement, and praying the petition be dismissed. No issue concerning the title to or the conveyance of real estate appears in the pleadings. Realty is involved only to the extent that the settlement agreement provided that $65,000 worth of speci-

fied real estate be transferred to Ronald Tree, and the trial court, upon approval of the agreement, directed the transfer from the *corpus* of the trust. The contest before the court was whether the settlement agreement legally could and should be approved. It is a maxim in Illinois law that a freehold is involved, within the meaning of section 75 of the Civil Practice Act so as to confer jurisdiction for direct appeal to this court, only where the primary object of the action is a recovery of a freehold estate, the title to which is directly put in issue. A freehold must be directly, and not collaterally, contingently, or incidentally involved. (*Johnson* v. *Sarver,* 413 Ill. 626; *Murray* v. *Sheridan,* 411 Ill. 65; *Church of God* v. *Finney,* 409 Ill. 328.) It is apparent that the title to the real estate was not here in issue. The order directing the transfer of the title to the described real estate was merely collateral or incidental to the order approving the settlement agreement, and made simply to effectuate the confirmed agreement. It had no direct bearing on the real controversy between these parties. No issue of freehold was directly involved in the proceedings before the trial court.

Ronald Tree contends that where a decree unconditionally directs the conveyance of real estate, a freehold is necessarily involved in any appeal taken therefrom. In support of his contention he cites several cases, in all of which the title to real estate was directly and specifically placed in issue by the pleadings, contested before the trial court, or directly involved through objection to the court order respecting a judicial sale. In all of these cases a freehold was a primary issue before the court. As indicated above, no question of freehold was directly or primarily in issue here.

It is further asserted by Ronald Tree that a freehold is involved where a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a determination of such issue, or where the necessary result

of the judgment or decree is that one party gains and the other party loses a freehold estate. He is correct in his statement of the rules applying to freehold except that he ignores a third part thereof which must be coincidental to either one of the above two propositions. In all cases the freehold question must be directly and not collaterally, contingently or incidentally involved for direct appeal to lie to this court. We have adequately determined this in an earlier part of this opinion. Thus, whether the case is one where the title to real estate is placed in issue by the pleadings, or is one where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, the issue of freehold must have been directly presented to the trial court for freehold to be so involved as to meet the requirements of section 75 of the Civil Practice Act.

It is the conclusion of this court that no question of freehold was directly or primarily involved in the proceedings before the trial court. Moreover, as is contended by the bank and the guardian *ad litem,* if there was an issue of freehold, it has been waived by Ronald Tree. In appealing from the decree of the superior court, the bank, as cotrustee, contended (1) that the will is free from doubt or uncertainty, and there is no basis for the contention that the trust provision violates the rule of perpetuities; (2) that a family settlement agreement cannot be employed in the instant case to overturn the clear intent of the testator in the creation of the spendthrift trust; (3) that Ronald, the cotrustee, cannot, by bringing the three separate actions referred to and by the employment of special counsel to render an opinion, create a substantial doubt as to the validity of the trust provisions, and thereby furnish the basis for a family settlement from which he is to personally obtain substantial benefit, and thus overturn the will and intention of the testator therein expressed, and (4) that the trial court was without jurisdiction of the subject mat-

ter because of the pendency of the appeal in the Appellate Court from the decree in the second action construing the will and awarding Ronald $600,000 from the *corpus* of the estate. Ronald contended that (1) the bank had no right as cotrustee to appeal; (2) that the trust provisions violate the rule against perpetuities, or at least there is a substantial basis for doubt as to their validity, which justified the family settlement agreement; (3) that the trial court was not without jurisdiction of the subject matter nor was the instant proceeding any interference with the jurisdiction of the court in the appeal from the decree in the second action referred to; and (4) that the trial court had the power to approve the settlement agreement on behalf of the minor and persons not in being. It is clear that the only questions presented were the right of the cotrustee to appeal, and the validity of the trial court's approval and confirmation of the family settlement agreement. No question was raised on the appeal by Ronald Tree that the controversy involved a freehold and was not properly appealable to the Appellate Court, nor was there any motion on the part of Ronald Tree to transfer the cause to this court for the reason that a freehold was involved. When a case which involves questions of freehold of which the Appellate Court has no jurisdiction but assignments of error which do not themselves question the determination of the court below respecting the issue of freehold are presented to the Appellate Court, and no question is raised as to the jurisdiction of the Appellate Court to determine the errors assigned or no motion is made to transfer for that reason, the parties waive the question of freehold with respect to those assignments. On appeal to this court neither party can insist that the question be considered here. Since the assignments of error to the Appellate Court in this cause presented questions which that court might lawfully consider, by submitting the cause without objection to jurisdiction or motion to transfer,

the parties waived or abandoned any assignments of error with respect to freehold. (*Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188; *Bennett* v. *Millard,* 239 Ill. 332; *Engler* v. *Engler,* 313 Ill. 527.) Ronald Tree, by his answer on appeal, abandoned or waived any question of freehold that he might have raised. Moreover, no freehold was involved in this proceeding.

Ronald Tree did, by petition for rehearing of the Appellate Court opinion, first raise the question of that court's lack of jurisdiction based on the claim that a freehold was involved. The Appellate Court rejected his contentions, holding that no question of freehold was in contest before the trial court. The petition for rehearing raised the question of jurisdiction too late, as it had already been waived, not being urged by Tree in his answer to the brief of the cotrustee on appeal. The waiver was effected by the failure to raise the question on answer or by motion to transfer the cause to this court. Once waived, it certainly cannot be resurrected by rehearing. It is a maxim in this area of law that a question cannot be urged for the first time on rehearing by the petitioner but must have been presented to the court of review on the appeal. (*Scott* v. *Scott,* 307 Ill. 586.) The only time this exact question has been previously considered by a court of review in Illinois was the case of *Zinser* v. *Sanitary District of Chicago,* 175 Ill. App. 9. From the foregoing, it is manifest that this court is in entire accord with the determination reached by the Appellate Court in that case stating that a petitioner should not be permitted, for the first time, on a petition for rehearing, to question the jurisdiction of the court of review, but rather that having appealed to the court and having assigned or argued only errors of which the court had jurisdiction, he thereby waived any error of which the court did not have jurisdiction.

We, therefore, determine that in the case of Tree v. Continental Illinois National Bank in the superior court

no issue of freehold was involved, and even if there had been such a question it was waived by Ronald Tree's failure to urge it before the Appellate Court. The Appellate Court had jurisdiction of the appeal prosecuted therein and could properly render judgment. By his failure to raise the question of freehold in the Appellate Court, Ronald Tree waived any right to appeal to this court on that ground, and the judgment of that court was final, barring the granting of a leave to appeal. Ronald Tree filed no petition for leave to appeal from that judgment. Moreover, we have determined there was no freehold question involved in the cause.

The judgment of the Appellate Court not having been attacked by leave to appeal, and that court having had jurisdiction of the appeal, its decision became final and was *res judicata* to the determination of the circuit court on Ronald Tree's application for registration of title to the specified real estate in his name.

The determination of the Appellate Court in the appeal of Tree v. Continental Illinois National Bank being *res judicata* to the collateral attack thereon in Tree v. DeMar, the decree of the circuit court denying the application for registration of title by Ronald Tree is hereby affirmed.

Since no freehold was involved in the cause appealed to and determined by the Appellate Court in Tree v. Continental Illinois National Bank, that appeal may be brought to this court only on leave to appeal granted. The time for seeking leave to appeal having passed, the determination of the Appellate Court in Tree v. Continental Illinois National Bank is final and binding. This being so, this court will not entertain another appeal to this court from the superior court. The appeal in 33006 is therefore dismissed.

*No. 32930, decree affirmed;*
*No. 33006, appeal dismissed.*

BRISTOW and MAXWELL, JJ., dissenting.