Betty Adele Wright Stevens, Plaintiff-Appellant, v. Chester A. Stevens, Defendant-Appellee.

Gen. No. 11,061.

Second District, First Division.
September 9, 1957.
Rehearing denied October 1, 1957.
Released for publication October 1, 1957.

Rodney A. Wright, of Elgin, for plaintiff-appellant.

Roy S. Lasswell, Lasswell & Sodergren, of Chicago, for appellee.

JUSTICE SPIVEY delivered the opinion of the court.

Plaintiff, Betty Adele Wright Stevens (appellant), filed suit for divorce in the Circuit Court of DeKalb county on the grounds of extreme and repeated cruelty and alleged in her verified complaint, among other things, that she has marital debts of $303; that she has title to and owns separate and apart from the defendant an interest in real estate in DeKalb, Illinois and a fee simple title to real estate in Glencoe, Illinois, and all personal property in her possession; that she owns a Chevrolet car, title to which is held by the defendant; that she has borrowed $1,600 from the De-Kalb Trust and Savings Bank which she loaned to the defendant upon his promise to repay, but upon demand he has not repaid; and that the defendant earns $200 per week.

In her prayer for relief, plaintiff among other things prays that the defendant be ordered to pay support money for the children, alimony, attorney's fees, and costs of the proceedings; that she be declared the owner free of homestead, dower or any right in defendant in any and all property, real, personal, and mixed described in the complaint; that the defendant

410

be ordered to return the title to the Chevrolet car; that he repay the $1,600 loan; and that he assume the marital debts.

Defendant filed a verified answer and counterclaim denying all of the material allegations in the complaint and alleging adultery in his counterclaim.

A jury trial was had resulting in a verdict for the plaintiff on the complaint and for the counter-defendant on the counterclaim.

Following the jury trial and on October 19, 1956, on plaintiff's motion a hearing before the court was held on the questions of custody, alimony, child support, property rights, attorney fees, and other expenses of proceedings.

On December 21, 1956, the chancellor entered a decree of divorce for the plaintiff on the verdicts and found, among other things, that the parties owned equal equities in the Glencoe real estate; that they jointly owned the furniture, fixtures, equipment, and household goods; and that the defendant received a net salary of $669.96 a month. In the decree it was ordered that the plaintiff have the sole care, custody, and education of the minor children and the defendant have partial custody for the purpose of visitation; that the Glencoe property be sold immediately and the proceeds be used, (1) to retire the mortgage on the Glencoe property with the State Bank and Trust Company, (2) to pay plaintiff's indebtedness in the amount of $2,256.50, including the loan in the amount of $1,600 plus interest that plaintiff owes to the DeKalb Trust and Savings Bank, (3) to pay defendant's indebtedness in the amount of $3,557.15, (4) to pay Rodney A. Wright $195 advanced in this litigation, (5) to pay Rodney A. Wright $1,800 as attorney fees for plaintiff, and (6) to divide the net balance between the plaintiff and defendant; that the personal property now in possession of the respective parties shall be theirs absolutely; that defendant turn over all his right, title,

411

and interest in the Chevrolet automobile to plaintiff; that defendant pay plaintiff permanent alimony of $100 per month and child support of seventy-five dollars per month for each child until they become of age; that defendant maintain all existing life insurance and medical benefit policies with the minor children as irrevocable joint beneficiaries; and that plaintiff and defendant pay plaintiff's attorney Rodney A. Wright as attorney fees $1,800, payable as provided from the sale of Glencoe property.

The trial court in the same day, December 21, 1956, entered the following order,

"Upon agreement between the parties hereto

"It is hereby ordered that the parties shall convey by warranty and quit claim deeds the family home at 406 Sunset Lane, Glencoe, Illinois, to Lillian R. Marshall and Helen C. James for a purchase price of $38,500.

"The net proceeds of said sale after paying mortgage notes, past due mortgage payments and interest, title charges and real estate fees, shall be turned over, by certified check payable to the clerk of the Circuit Court of DeKalb county. Said funds to be held until further order of this court."

Plaintiff appeals from all of the decree except that portion dissolving the marriage.

On May 8, 1957, defendant filed his motion in this court to dismiss the appeal alleging that plaintiff had released all errors in the decree of the trial court when she accepted the benefits of said decree by agreeing to the order of the trial court on December 21, 1956, relating to the sale of the Glencoe property. This motion was taken with the case and will be treated hereafter in this opinion.

This court granted defendant an extension of time to May 11, 1957, to file an additional report of proceedings, supplemental record, additional abstract,

412

and brief. Without obtaining additional time to file these items, defendant on June 7, 1957, filed his supplemental record and additional report of proceedings and on June 14, 1957, filed his additional abstract and appellee's brief.

On June 11, 1957, plaintiff filed in this court her motion to strike defendant's supplemental record and additional report of proceedings and further asked that the court refrain from considering any additional abstract or briefs which may be filed by defendant. This motion was by the court taken with the case.

An examination of defendant's additional abstract of record discloses that it clearly violates Rule 6 of this court. The entire additional abstract contains question and answer excerpts from the evidence adduced at the hearings and it in nowise complies with Rule 6 wherein it provides, that evidence shall be condensed in narrative form so as to present clearly and concisely its substance.

■ For violation of this rule the additional abstract of record will not be considered. Consequently defendant's supplemental record and additional report of proceedings, will serve no useful purpose, and is striken on plaintiff's motion of June 11, 1957, which was taken with the case.

Plaintiff has filed an appellant's reply brief to defendant-appellee's brief and we deny that portion of plaintiff's motion of June 11, 1957, which requests that we not consider briefs filed by defendant.

In view of the foregoing, it will be unnecessary to consider defendant's motion to fix the time for filing supplemental record, additional abstract, and answering brief, filed May 29, 1957.

Defendant (appellee) in his brief again urges that the plaintiff is estopped from assigning any error in the decree for the reason that she has waived any error in the decree when she accepted the benefits of said

413

decree by agreeing to the order of sale of December 21, 1956. Defendant cites as his authority United Typesetting Co. v. Congress Trust & Savings Bank, 278 Ill. App. 224; Simmons v. University State Bank, 307 Ill. App. 668 (abst.); and Andres v. Green, 7 Ill.App.2d 375.

An inspection of those cases reveals factual situations so dissimilar to the instant case that a recitation thereof would not be helpful.

The United Typesetting Co. case announces the rule of law that a party voluntarily accepting the benefits of a decree releases all errors in the decree and will not afterwards be heard on those errors and where a party has obtained the benefit of the order appealed from he is not entitled to have the record reviewed.

■ We fail to see where Betty Stevens by consenting to the sale of the property as ordered by the decree and the holding of the proceeds of the sale after the payment of the mortgage indebtedness has obtained any benefits under the decree. Her act was not a voluntary act but only an act that she was ordered to do by the decree itself. The decree has deprived her of the interest in real estate that she asserted in her complaint. Defendant's motion to dismiss the appeal filed on May 8, 1957, must be denied.

■ Defendant in his brief suggests that the errors assigned by plaintiff directed to that portion of the decree affecting the Glencoe real estate are waived by an appeal to the Appellate Court in that the subject matter directly involves a freehold, and that Appellate Courts lack jurisdiction to pass upon questions involving a freehold estate.

In Anderson v. Anderson, 380 Ill. 435, the trial court in granting a divorce to the appellee, ordered the master in chancery to sell 160 acres of appellant's farm land and bring the proceeds into court. The court said at page 438,

414

"However, it did direct the sale of appellant's freehold interest, thereby divesting him of his freehold. The Appellate Court transferred the cause to this court, a freehold being involved, (314 Ill. App. 140), and such order is supported by the authorities. Floberg v. Floberg, 358 Ill. 626; Lewis v. Lewis, 316 id. 447."

The Supreme Court in Bennett v. Millard, 239 Ill. 332, held that the Appellate Court was without jurisdiction in questions involving a freehold and said at page 333,

"The record should have been brought directly from the trial court to this court. The assignments of error upon which plaintiff in error submitted the cause in the Appellate Court included one which presented a question which that court might lawfully consider, and by so submitting the cause plaintiff in error waived or abandoned the assignments of error which involved a freehold. (Town of Scott v. Artman, 237 Ill. 394, and cases there cited.) The assignment so waived or abandoned are the only ones which have been presented in this court by the brief and argument of plaintiff in error. Such being the condition of the record there must necessarily be an affirmance." To like effect: Booth v. Cleveland, Cincinnati, Chicago & St. L. Ry. Co., 156 Ill. App. 75.

Plaintiff in reply to the contention that the Appellate Court lacks jurisdiction in questions involving a freehold states *that the appellee has waived that point in failing to make a motion to transfer the cause to the Supreme Court.* Citing Anderson v. Industrial Molasses Corp., 11 Ill.App.2d 210, and quoted therefrom the court's interpretation of Tree v. De Mar, 2 Ill.2d 547.

In the *Tree* case the court held,

"No question was raised by Ronald Tree that the controversy involved a freehold and was not properly

appealable to the Appellate Court, nor was there any motion on the part of Ronald Tree to transfer the cause to this court for the reason that a freehold was involved. When a case which involves questions of freehold of which the Appellate Court has no jurisdiction but assignments of error which do not themselves question the determination of the court below respecting the issue of freehold are presented to the Appellate Court, and no question is raised as to the jurisdiction of the Appellate Court to determine the errors assigned or no motion is made to transfer for that reason, the parties waive the question of freehold with respect to those assignments."

Plaintiff's contention of waiver is without merit, for in the instant case the defendant raised the question as to the jurisdiction of the Appellate Court to determine questions involving a freehold. In the instant case there is no motion by the plaintiff to transfer the cause to the Supreme Court.

We hold that on the record and report of proceedings presented here, this court lacks jurisdiction on all assignments of error directed to the freehold interest in the Glencoe property.

Excluding evidence that has only a direct relation to the question of the parties' interest in the Glencoe real estate, plaintiff's abstract of the evidence heard on June 6, 1956, and October 19, 1956, discloses the following facts. Betty Stevens testified that on June 6, 1956, she was borrowing money from her mother to support herself and the children; that she expected in August to receive about $500 in income from her property; that in December 1954, she borrowed $1,600 from the DeKalb Trust and Savings Bank because she and her husband needed the money to pay bills and to purchase a hot water heater for the Glencoe house; that she sold corporate stocks to purchase furnishings for the home; that she has title to the furniture; and that she borrowed the $1,600 because she had collateral and

416

that her husband said he would see that the note was paid but has made no effort to repay the note. She further testified that taking into consideration her outside income she needed about $400 per month support for herself and her children and that she had, since 1947, cashed other stocks and bonds to support the family and for household expenses.

Chester A. Stevens testified that his take-home pay is about $600 per month; that he has no other source of income; that he owes certain bills amounting to $1,546; and that his monthly bills amount to $273.

Rodney A. Wright, plaintiff's attorney, testified on behalf of his client that he had written letters to defendant's creditors and that a portion of defendant's indebtedness as disclosed from replies to those letters was incurred subsequent to the filing of the divorce proceeding; and that the defendant's total indebtedness was $5,571.75.

The evidence further disclosed that the defendant's gross salary was $795 per month.

The plaintiff's abstract is free of any other recitation of facts bearing upon the alleged errors of the trial court.

■ It is the duty of a party bringing a cause to the Appellate Court to furnish a complete abstract of the record including the evidence which will fully present every error and exception relied upon without examination of the written record and a reviewing court will not search the record to find some ground for reversal.

■■ A chancery decree speaks from the date of its entry and we find that the decretal order of the court was not against the manifest weight of the evidence nor unconscionable in its terms and should be affirmed.

Decree affirmed.

DOVE, P. J. and McNEAL, J., concur.