Edith McGee, Plaintiff-Appellee, v. Liddell McGee, Defendant-Appellant.

Gen. No. 11,582.

Second District, First Division.

June 16, 1962.

John R. Snively, of Rockford, for appellant.

Samuel L. Dean, Jr., of Rockford, for appellee.

McNEAL, J.

The plaintiff, Edith McGee, filed a complaint for divorce charging the defendant, Liddell McGee, with habitual drunkenness. In her complaint it was also alleged that the parties were joint owners of a parcel of real estate, and plaintiff prayed that she be awarded her portion of the real estate. Defendant filed an answer denying the charge of habitual drunkenness. The answer admitted the joint ownership of the property, but denied that plaintiff was entitled to a divorce or any other relief. After hearing evidence on the issue of habitual drunkenness, the circuit court of Winnebago County entered a decree awarding plaintiff a divorce. In the decree the question of property settlement, alimony and attorneys fees was reserved for future consideration. Defendant took an appeal from the decree of divorce on the theory that plaintiff failed

to make a case for waiver of the 60-day waiting period, and also that the evidence was insufficient to support the decree.

Subsequently defendant filed a petition for change of venue on the ground that the judge who entered the decree of divorce was prejudiced against him. The petition was denied, and the court heard evidence with reference to the property rights of the parties. The court found that the parties had acquired certain real estate located at 2119 Christina Street, Rockford, Illinois, more particularly described as Lot 51, the northerly 40 feet and the southerly 20 feet of Lot 52 in Forbes Subdivision in Winnebago County, Illinois. The court further found that the defendant had used up and extinguished his interest in the property through various personal debts and encumbrances that he had charged against the property and which were paid by the plaintiff or which she was obligated to pay. The court awarded the real estate to the plaintiff and ordered the defendant to surrender possession within 30 days. Defendant thereupon took an appeal from the final decree. On this appeal defendant contends that there were insufficient allegations of special circumstances and equities in the complaint to justify the court in awarding the real estate to the plaintiff, and that a change of venue was mandatory.

Although the point has not been raised or briefed by either party, it appears that we are confronted with a question of jurisdiction. In Stevens v. Stevens, 14 Ill App2d 408, 416, 144 NE2d 823, an appeal was taken to this court from a decree of divorce which disposed of certain real estate. We considered the cause on its merits, but held that we lacked jurisdiction on assignments of error directed to freehold interests. The Supreme Court allowed a petition for leave to appeal, and in 14 Ill2d 99, held that this court, on its own motion, should have determined whether its appellate jurisdic-

tion was properly invoked. At pages 104 and 106 of its opinion the Supreme Court said:

> "Under Section 75 of the Civil Practice Act (Ill Rev Stats, 1957, c 110, § 75) appeals of cases involving a freehold must be taken directly to the Supreme Court, rather than to the Appellate Court. . . . Where its reviewing jurisdiction is improperly invoked, as in the case at bar, the Appellate Court is obliged to transfer the cause to this court, as specifically provided by the terms of section 86 of the Civil Practice Act (Ill Rev Stats 1957, c 110, § 86), irrespective of whether a motion to transfer was made."

A similar question arose in Anderson v. Anderson, 314 Ill App 140, 41 NE2d 113. The trial court granted plaintiff a divorce and ordered certain real estate owned by defendant sold. An appeal was taken to this court and the cause was transferred to the Supreme Court on the ground that a freehold was directly involved. In 380 Ill 435, 438, the Supreme Court said:

> "The Appellate Court transferred the cause to this court, a freehold being involved (314 Ill App 140), and such order is supported by the authorities."

In view of the foregoing, this cause is transferred to the Supreme Court, and the clerk of this court is directed to transmit the transcripts and all files in this cause to the clerk of that court.

Cause transferred.

DOVE, P. J. and SMITH, J., concur.